■ TANJA JOHNSON, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Kings County (Krausman, J.), dated June 25, 1984, which denied defendant's motion for summary judgment.

Order affirmed, with costs.

Plaintiff commenced this action in or about September 1980, to recover damages for personal injuries which she sustained on June 25, 1980, when she was struck by a brick thrown by an unidentified individual from the roof of a building located at 760 Park Avenue, Brooklyn, New York. The accident occurred at about 11:30 A.M. while plaintiff was visiting with a friend and seated on a bench in front of the building. Defendant New York City Housing Authority owned, operated, managed and controlled the premises and those areas used in common by the tenants and others lawfully thereon. The subject premises are part of a housing project complex.

In March 1984, on the eve of trial, defendant moved for an order, pursuant to CPLR 3212, granting it summary judgment dismissing the complaint on the ground that no triable issue of fact exists because it owed no duty to plaintiff under the circumstances and its acts and omissions "were not the proximate cause of the alleged accident".

We conclude that Trial Term properly denied the motion because material and triable issues of fact are present precluding the granting of summary judgment *(see, Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252, 261).

During her examination before trial and in her bill of particulars plaintiff stated that on specific dates prior to the accident, specific objects, including a burning box spring, a bottle, and pebbles, were similarly hurled from the roof of the same building. Thus, there is sufficient evidence in the record to raise an issue of fact as to whether defendant, as a landowner, had reason to know or should have known that there was a probability of conduct on the part of third persons which was likely to pose a risk to the safety of visitors *(see, e.g., Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519). Under

all the circumstances of this case, issues of fact as to whether the defendant's acts and omissions contributed substantially to the occurrence are properly questions to be determined by the trier of fact *(see, Nallan v Helmsley-Spear, Inc., supra,* at p 519; *Cohen v Hallmark Cards,* 45 NY2d 493, 499). Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.