■ LILLIAN SACKS, Appellant, v MICHAEL WEISS et al., De-

fendants and Third-Party Plaintiffs-Respondents. WILLIAM OS-
SENFORTH, Doing Business as SALEM WINDOW AND DOORS, INC.,
Third-Party Defendant-Respondent.—In an action to recover
damages for personal injuries, the plaintiff appeals from (1) an
order of the Supreme Court, Kings County (Monteleone, J.),
dated September 11, 1985 which granted the motion of the
defendant Vinyline Products, Inc. and the third-party defen-
dant William Ossenforth's cross motion for summary judg-
ment, *inter alia,* dismissing the complaint insofar as it is
asserted against them and severed the action against the
defendants Weiss and Baumohl, and (2) an order of the same
court dated October 10, 1985, which denied the plaintiff's
motion for reargument and renewal, and granted the cross
motion of the defendants Weiss and Baumohl for summary
judgment dismissing the complaint insofar as it is asserted
against them.

Order dated September 11, 1985 reversed, on the law, and
motion and cross motion denied.

Appeal from so much of the order dated October 10, 1985 as
denied the plaintiff's motion for renewal and reargument
dismissed as academic, in light of our determination on the
appeal from the order dated September 11, 1985.

Order dated October 10, 1985, otherwise reversed, on the
law, and cross motion denied.

The plaintiff is awarded one bill of costs payable by the
respondents and third-party defendant-respondent appearing
separately and filing separate briefs.

Summary judgment is a drastic remedy which should not be
granted lightly. If there is any doubt as to the existence of a
triable issue of fact summary judgment must be denied *(see,
Rotuba Extruders v Ceppos,* 46 NY2d 223; *Coley v Michelin
Tire Corp.,* 99 AD2d 795). Further, "issues of fact as to
whether the defendant's acts and omissions contributed sub-
stantially to the occurrence are properly questions to be
determined by the trier of fact" *(Johnson v New York City
Hous. Auth.,* 114 AD2d 438, 439). In the instant action, the
plaintiff tendered sufficient evidence to raise triable issues of
fact as to whether the alleged inoperability or defective condi-
tion of the window lock facilitated the entry into her apart-
ment of an intruder who proceeded to assault and rape her.
Accordingly, summary judgment should not have been
granted *(cf. Olan v Farrell Lines,* 64 NY2d 1092; *Zuckerman v
City of New York,* 49 NY2d 557; *Friends of Animals v Associ-
ated Fur Mfrs.,* 46 NY2d 1065; *Environmental Concern v*

*Larchwood Constr. Corp.,* 101 AD2d 591). The plaintiff's examination before trial, when read in its entirety, does not negate her claim as a matter of law *(cf. Schneider v Kings Highway Hosp. Center,* 67 NY2d 743).

Furthermore, under New York law a valid cause of action was stated against all the defendants *(see, e.g., Miller v State of New York,* 62 NY2d 506; *Kush v City of Buffalo,* 59 NY2d 26; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507; *Bolm v Triumph Corp.,* 33 NY2d 151; *Craft v Mid Is. Dept. Stores,* 112 AD2d 969). Lawrence, J. P., Eiber, Kooper and Spatt, JJ., concur.