■ LA QUINE SIMMONS, Respondent, v CITY OF NEW YORK et al., Defendants, and CLINTON HOUSING DEVELOPMENT CO., INC., Appellant. (And a Third-Party Action.)—Order of Supreme Court, New York County (Leland DeGrasse, J.), entered May 2, 1990, denying motions for summary judgment by both plaintiff and defendant, unanimously affirmed, without costs.

Plaintiff tenant acquired her apartment under a "sweat equity agreement", promising to renovate it with help from defendant, Clinton Housing Development Co. (CHDC). It was allegedly common knowledge that the apartment building had a "drug problem". After plaintiff advised her fellow tenants at a tenants' meeting that a cotenant, defendant Nestor Elias, was dealing drugs, a confrontation occurred between plaintiff and Elias. Subsequently, on September 26, 1986 plaintiff was shot in the back by Elias' roommate, resulting in paralysis of her lower extremities.

Whether or not the defendants owed a legal duty to the plaintiff is a legal issue for the court to determine in the first instance *(Waters v New York City Hous. Auth.,* 69 NY2d 225). On this record such duty has been demonstrated. Here, it is alleged that CHDC was aware of an ongoing criminal enterprise on the premises and took no action to stop it. Under other circumstances, we have held that it was a question for the jury whether a landlord's failure to evict an alleged drug dealer may serve as a predicate for liability for tortious acts connected with the illegal activity. *(Muniz v Flohern, Inc.,* 155 AD2d 172, *lv granted* 161 AD2d 1218.)* This is especially true here where the perpetrator and victim are tenants of the defendant landlord. Concur—Sullivan, J. P., Milonas, Rosenberger, Ellerin and Rubin, JJ.