■ DIANE KEENAN, Respondent, v DAYTON BEACH PARK NO. 1 CORP. et al., Appellants, et al., Defendant.—In an action to recover damages for personal injuries, the defendants Dayton Beach Park No. 1 Corp. and Gotham Building Maintenance Corp. appeal from a judgment of the Supreme Court, Queens County (Dunkin, J.), entered July 25, 1989, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $2,150,000.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, without costs or disbursements, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages to the principal sum of $750,000, and to the entry of an amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The plaintiff was assaulted and robbed in the elevator of her apartment building, which is owned and operated by the defendant Dayton Beach Park No. 1 Corp. (hereinafter Dayton). She subsequently commenced this action claiming, *inter alia,* that the defendants Dayton and Gotham Building Maintenance Corp. (hereinafter Gotham), breached their duty to maintain the building in a safe condition. After a trial, the jury returned a verdict awarding the plaintiff the sum of $2,150,000.

On appeal, the appellants contend, *inter alia,* that the plaintiff failed to make out a prima facie case of negligence and that the jury's verdict was against the weight of the credible evidence adduced at the trial. The appellants further argue that the award of damages was excessive and materially deviates from what should be considered fair and reasonable compensation.

Contrary to the appellants' contention, there was more than ample evidence adduced at the trial from which the jury could

have concluded that both Dayton and Gotham were negligent in the discharge of their respective duties to maintain the premises in a reasonably safe condition. Specifically, we find that a rational jury could have concluded from the evidence of criminal activity in the area, that a crime of the type which occurred at bar was foreseeable, and that the appellants failed in their obligation to take reasonable precautionary measures to minimize the risks presented (see, Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 519-520; cf., Ianelli v Powers, 114 AD2d 157).

Upon a review of the record, however, we conclude that the award of damages was excessive to the extent indicated.

We have considered the appellants' remaining contentions and find them to be either unpreserved for appellate review or lacking in merit. Bracken, J. P., Kooper, Miller and O'Brien, JJ., concur.