■ Louis Dennis, Jr., et al., Respondents, v Poughkeepsie Galleria Company et al., Appellants. [597 NYS2d 248] —Mikoll, J. P. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Jiudice, J.), entered October 31, 1991 in Dutchess County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action to recover damages for personal injuries allegedly sustained by plaintiff Louis Dennis, Jr. (hereinafter plaintiff) when he fell while walking down a

green marble spiral staircase between the first and second floors of Poughkeepsie Galleria Mall (hereinafter the mall) in the Town of Poughkeepsie, Dutchess County. The mall is owned, operated and maintained by defendants. Defendants appeal from an order of Supreme Court which denied their motion for summary judgment dismissing the complaint for lack of proof of negligence. The motion was made after joinder of issue and the parties had conducted full discovery including examinations before trial. Plaintiff's wife is also a party seeking damages in her derivative cause of action.

In denying defendants' motion for summary judgment, Supreme Court concluded "that the proof, viewed in the light most favorable to this plaintiff, is sufficient to create a question of fact" and that the evidence "provides facts and conditions from which the negligence of these defendants may be reasonably inferred". Supreme Court also opined that "[i]t would not be unreasonable for a trier of fact to infer that the design and construction of the stairway in question was not in accordance with approved and accepted design and engineering standards". We agree.

Plaintiff testified at his examination before trial as to how his fall occurred, saying "I was stepping down and it was like there was no step there. My (left) foot just didn't reach anything, and I just started going forward. I couldn't stop myself, as I described it, as I slipped." There was other testimony describing prior falls on the staircase, the staircase's composition and its deceptive appearance, including the affidavits of plaintiffs' expert witness. The defects were asserted to be the varying widths of the stair treads, the make up, composition, deceptive appearance and alignment of the stairs and stairway, all of which were alleged to be in violation of sound and accepted design, engineering and construction practice. Thus, there was sufficient evidence presented to warrant a jury trial on the issues (see, Schneider v Kings Highway Hosp. Ctr., 67 NY2d 743; Cruz v New York City Tr. Auth., 136 AD2d 196, 198; see also, Burlingame v Hefti, 181 AD2d 986) and the motion for summary judgment was properly denied (see, Sacks v Weiss, 122 AD2d 937, 938, lv dismissed 68 NY2d 997).

Yesawich Jr., Mercure, Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.