■ MICHAEL GRIGNOLI et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [601 NYS2d 167] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), entered May 15, 1991, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, Michael Grignoli, an employee of United Parcel Service, was assaulted and robbed while making a delivery in an apartment house located in a housing project owned by the defendant New York City Housing Authority. The project is located in the Bushwick section of Brooklyn. In seeking to recover damages for personal injuries, the plaintiffs allege that an inoperable lock on the front door to the building permitted the unidentified assailant to gain access. The plaintiffs assert the defendant's negligent failure to repair the lock was a proximate cause of the occurrence.

In their response to the defendant's motion for summary judgment, the plaintiffs submitted a one page statistical summary entitled "Housing Police Statistics * * * Bushwick". This summary was unexplained by affidavit or otherwise and is patently insufficient to raise a triable question of whether the defendant had such notice of prior criminal activity so as to make the instant occurrence foreseeable *(cf., Jacqueline S. v City of New York,* 81 NY2d 288). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint *(see, Harris v New York City Hous. Auth.,* 194 AD2d 714; *Gleason v 75-10 Blvd. Owners' Corp.,* 193 AD2d 715).

In addition, we would note that the plaintiffs did not raise an issue of fact as to proximate cause. Hence, this would also

require the granting of summary judgment to the defendant *(see, Hendricks v Kempler,* 156 AD2d 425). Sullivan, J. P., Balletta, Ritter and Pizzuto, JJ., concur.