■ VERONA GRANT, Respondent, v WESTINGHOUSE ELEVATOR COMPANY, Appellant. [630 NYS2d 519] —Judgment, Supreme Court, Bronx County (Barry Salman, J.), entered March 9, 1994, which awarded plaintiff $187,000 for past pain and suffering and $1.5 million for future pain and suffering, unanimously reversed, on the law and the facts, without costs, and the complaint is dismissed.

In this action, plaintiff, a nurse's attendant at Montefiore Hospital, asserts that on August 28, 1989 while pushing a metal cart out of an elevator, she was allegedly struck by the elevator door and sustained serious injuries. Plaintiff sued defendant, Westinghouse Elevator Company ("Westinghouse"), which had a contract to service and maintain the Montefiore Hospital elevators during the period in issue.

At trial, plaintiff sought to establish that defendant Westinghouse breached its duty of care in the service and maintenance of the elevator in issue. Plaintiff proffered the testimony of a licensed professional engineer (Stanley Fein) and of a service technician employed by Westinghouse (Bernard Colgan). Mr. Fein testified that the elevator's maintenance log indicated that there had been trouble with the electric eye resulting in the unintended opening and closing of the elevator door. Medical evidence admitted at trial revealed that plaintiff suffered a

laceration of the Achilles Tendon to her left foot, received two sutures, and was placed in a cast which rose above her knee, which was replaced by a shorter cast approximately two weeks later. Plaintiff allegedly underwent physical therapy for 1 year (which she is purported to have discontinued against medical advice) and now walks with a permanent limp.

The jury rendered a verdict in favor of plaintiff in the aforestated amounts. Defendant, prior to entry of judgment, moved for an order setting aside the verdict as contrary to the weight of the evidence, or reducing the verdict as excessive. In a written decision entered June 1, 1993, Justice Salman upheld the verdict as within the province of the jury. We now reverse.

It is well-settled, oft-stated law that in order to determine whether plaintiff has established a prima facie case, the court must accept all of the plaintiff's evidence as true and accord her the benefit of every favorable inference that may be drawn therefrom (*Beatty v National Assn. for Advancement of Colored People*, 194 AD2d 361, 364, *lv denied* 82 NY2d 662; *Harding v Noble Taxi Corp.*, 182 AD2d 365, 369; *Windisch v Weiman*, 161 AD2d 433, 437; *Hylick v Halweil*, 112 AD2d 400).

In the matter before us, after giving plaintiff the benefit of every favorable inference, the evidence presented does not support plaintiff's contention that the laceration was proximately caused by defendant's negligence.

Plaintiff testified that she was pushing a 3 to 4 foot high metal cart in front of her and that when the elevator reached her floor, it stopped 1 to 1½ inches below the floor level. Plaintiff maintained that she attempted to pick up the cart and push it out but the elevator door allegedly malfunctioned and closed quickly (the door, from the view of a passenger, closed from left to right) and slammed into the cart before reopening. Plaintiff testified that she then continued to push the cart through the door but the door closed quickly again, hitting her "whole" left side. However, plaintiff's witness, Mr. Colgan, testified on cross-examination that the cart being pushed by plaintiff at the time of the incident had spaces which might not interrupt the electronic eye beam and, therefore, the door would not be prevented from closing. He further testified that the new elevator's doors would not open if the cab did not stop at the proper level.

Plaintiff's testimony does not support her assertion that the elevator door caused her injuries. Plaintiff testified that she was pushing a cart in front of her while exiting the elevator when the door closed and struck her left side causing the injuries. This testimony does not explain how she was cut on

the back of her heel when the elevator door struck only her left side. When questioned as to whether the elevator door came in contact with her foot, plaintiff responded that she did not remember. Further, the emergency room record indicated that plaintiff had "caught [left] ankle in a cart."

There was also no evidence to show that the elevator door had any sharp surface or edges which could have caused a laceration. Rather, Mr. Colgan testified that there were no sharp edges on the elevator door. Defendant's expert (John McAulay), an engineer involved in drafting elevator safety codes, also testified that there was nothing sharp or horizontal on the elevator door and that there was nothing on the safety edge of the door which could cause a horizontal laceration of the Achilles Tendon. The testimony of Colgan and McAulay concerning the absence of sharp surfaces remained uncontradicted. As a result, there was no testimony of an exposed sharp edge that could have cut plaintiff in the back of her heel and the brief testimony relied upon by plaintiff to support her argument on this issue was correctly stricken by the IAS Court as speculative (*Hambsch v New York City Tr. Auth.*, 63 NY2d 723; *Espinosa v A & S Welding & Boiler Repair*, 120 AD2d 435, 437).

In light of the foregoing, it is clear there was no competent evidence presented at trial to support the jury finding as to liability. The verdict should, therefore, have been set aside as the evidence was insufficient to establish a prima facie case of negligence. Concur—Ellerin, J. P., Ross, Nardelli, Tom and Mazzarrelli, JJ.