■ ROBERT HARGETT, JR., Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [664 NYS2d 348] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Garson, J.), dated October 4, 1996, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment is granted, and the complaint is dismissed.

On the record before us, the plaintiff has presented inadequate factual support for his contention that his assailants were intruders who gained entry into his apartment building by virtue of a damaged front door lock. The plaintiff admits that when he entered his building the door to the street was securely locked, and that one of the unfamiliar youths who assaulted him was already inside. However, it is pure conjecture on the plaintiff's part that the youths had gained access to the building earlier that same evening when the entrance door had been propped open with a brick, as the tenants often left the door because the lock jammed. Accordingly, because the plaintiff cannot demonstrate that the conduct of the defendant property owner constituted a proximate cause of the occurrence, the defendant, who made out a prima facie case for summary judgment, is entitled to that relief (*see, e.g., Shinn v Lefrak Org.,* 239 AD2d 335; *Gleaton v New York City Hous. Auth.,* 221 AD2d 504; *Harris v New York City Hous. Auth.,* 211 AD2d 616; *Grignoli v New York City Hous. Auth.,* 196 AD2d 525; *cf., Rosario v New York City Hous. Auth.,* 230 AD2d 900). Sullivan, J. P., Friedmann, Florio and McGinity, JJ., concur.