■ HECTOR R. RIOS, Respondent, v JACKSON ASSOCIATES et al., Appellants. (Action No. 1.) JOSE ZUNIGA, Respondent, v JACKSON ASSOCIATES et al., Appellants. (Action No. 2.) [686 NYS2d 800] —In two related actions to recover damages for personal injuries, which were joined for trial, the defendants Jackson Associates, Grenadier Realty Corp., Robert Korn, and Joseph Moskow, and the defendant Michael Casale Investigations, Ltd., separately appeal from an order of the Supreme Court, Nassau County (Lockman, J.), entered October 6, 1997, which denied their respective motions for summary judgment dismissing the complaints and all cross claims insofar as asserted against them.

Ordered that the order is modified by deleting the provision

thereof denying the motion of the defendant Michael Casale Investigations, Ltd., for summary judgment dismissing the complaints and all cross claims insofar as asserted against it, and substituting therefor a provision granting that motion; as so modified, the order is affirmed, without costs or disbursements, the complaints and all cross claims are dismissed insofar as asserted against the defendant Michael Casale Investigations, Ltd., and the actions against the remaining defendants are severed.

At about 12:30 A.M. on May 14, 1994, the plaintiffs were conversing in the lobby of their apartment building, which was owned by the defendant Jackson Associates, of which the defendants Robert Korn and Joseph Moskow are partners, and managed by the defendant Grenadier Realty Corp. (hereinafter collectively the Jackson defendants). The defendant Michael Casale Investigations, Ltd. (hereinafter MCI) is a security company which had been hired to safeguard the building. The plaintiffs in both actions averred that as they talked they observed three unknown men force open the main door and enter the lobby, wielding a bat and a rock. The three men then beat the plaintiffs and injured them seriously.

Landlords have a "common-law duty to take minimal precautions to protect tenants from foreseeable harm", including the harm caused by a third party's criminal conduct on the premises (*Jacqueline S. v City of New York,* 81 NY2d 288, 293, 294; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507). However, to recover damages from a landlord for the criminal conduct of a third party, the tenant must demonstrate that the criminal incident was foreseeable, by showing, for example, that the landlord was on notice of recent crimes in the building (*see, Francis v Ocean Vil. Apts.,* 222 AD2d 551; *Iannelli v Powers,* 114 AD2d 157, 161-164). In addition, a plaintiff must prove that the landlord's negligent conduct was a proximate cause of his injury, such as by presenting evidence that his assailant was an intruder who had gained access to the premises through a negligently-maintained entrance (*see, Burgos v Aqueduct Realty Corp.,* 92 NY2d 544; *Miller v State of New York,* 62 NY2d 506, 513-514). Thus, a landlord's motion for summary judgment may be defeated by raising triable questions of fact regarding the issues of foreseeability and proximate causation (*see, Burgos v Aqueduct Realty Corp., supra; see also, Price v New York City Hous. Auth.,* 92 NY2d 553).

The plaintiffs demonstrated the existence of triable issues of fact with respect to the foreseeability of criminal activity in the apartment building by submitting the building's security log,

which reflected numerous instance of trespassers in the lobby, halls, stairwells, and roof, as well as multiple crimes of vandalism and robbery (including at least one assault in the lobby) within the year preceding the assault on the plaintiffs, and the deposition testimony of the building manager, who admitted that the defendant MCI had been hired to provide security because of "criminal activities in the neighborhood and in the building itself".

The plaintiffs also presented sufficient evidence from which the intruder status of their assailants could reasonably be inferred (*see, Burgos v Aqueduct Realty Corp., supra; cf., Wright v New York City Hous. Auth.,* 208 AD2d 327, 330; *Kistoo v City of New York,* 195 AD2d 403). Both plaintiffs testified that they had been living in the building for approximately one year and had never seen their assailants before. Moreover, the plaintiffs personally witnessed the three intruders force their way into the lobby, and expressly denied that the men either used a key or gained admittance through the intercom. Accordingly, the plaintiffs' evidence suggests that the attackers did not gain access to the building in the way that a legitimate tenant or guest would have done. The security log reveals recurrent problems with the front door lock, which, in any event, as the assistant property manager herself conceded, could be easily pushed open. Under these circumstances, the court properly denied the Jackson defendants' motion for summary judgment.

However, the complaint should be dismissed insofar as asserted against MCI. By the plaintiffs' own testimony, there was only one security guard who was responsible for patrolling the entire building. Accordingly, the fact that the guard was not present in the lobby at the time of the attack does not render MCI liable for the plaintiffs' injuries (*see, Leyva v Riverbay Corp.,* 206 AD2d 150; *Bernal v Pinkerton's, Inc.,* 52 AD2d 760, *affd* 41 NY2d 938). Moreover, the record does not reveal that any act of commission or omission of MCI was a proximate cause of the plaintiffs' injuries. Under these circumstances, MCI was entitled to summary judgment (*see, Allen v New York City Hous. Auth.,* 203 AD2d 313; *Pagan v Hampton Houses,* 187 AD2d 325; *Harris v New York City Hous. Auth.,* 187 AD2d 362). Santucci, J. P., Altman, Friedmann and McGinity, JJ., concur.