■ PAULA CALDERIN, Appellant, v LYRA ASSOCIATES, L. L. C., Respondent. [721 NYS2d 658] —Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered on or about January 5, 2000, which granted defendant's motion for summary judg-

ment dismissing plaintiff's complaint, unanimously reversed, without costs, the motion denied, and the complaint reinstated.

On December 20, 1997 plaintiff was assaulted and repeatedly stabbed in her apartment by a known assailant. Her assailant was a former building tenant whose infant daughter still lived in the building with the child's mother, plaintiff's neighbor. The neighbor had obtained a protective order against the assailant.

On the day in question, plaintiff saw the assailant sitting in the building's lobby as she was on her way out to the store. When she returned, he was still there, and he followed her into her third-floor apartment and attacked her.

Plaintiff commenced the within action alleging that, by reason of defendant's negligence in managing, maintaining and operating the building, she was assaulted and suffered serious personal injury. Plaintiff alleges that the exterior door to the building contained a hole next to the lock. The hole was large enough to put one's hand through and open the door. In addition, the lock on the right interior door leading to the staircase was also broken, thereby allowing the assailant easy access to the building.

Defendant moved for summary judgment claiming that plaintiff could not prove proximate cause since the assailant was a tenant or former tenant who was known to plaintiff and since she could not prove that he entered through the broken door. While the IAS court acknowledged that plaintiff raised a triable issue as to the adequacy of the door locks, it granted defendant summary judgment on the ground that plaintiff failed to submit evidence that the assailant was an intruder.

We disagree and find that defendant was not entitled to summary judgment since it did not establish that the assailant was a tenant, invitee or guest. To the contrary, plaintiff has proffered sufficient evidence from which a jury could reasonably infer that her assailant was an intruder at the time of the attack and that he gained entrance to the building through the broken front door. Plaintiff need not conclusively establish that her assailant was an intruder. She has demonstrated an issue of fact exists as to whether it is "more likely or more reasonable than not that the assailant was an intruder who gained access to the premises through a negligently maintained entrance." (*Bennett v Twin Parks Northeast Houses*, 93 NY2d 860, 861.) Concur—Williams, J. P., Mazzarelli, Lerner and Buckley, JJ.