█ Steven Greco et al., Respondents, v Joseph D. Posillico et al., Defendants and Third-Party Plaintiffs, J.D. Posillico, Inc., Appellant. Chipco Construction and Contracting, Third-Party Defendant. [736 NYS2d 418] —In an action to recover damages for personal injuries, etc., the defendant J.D. Posillico, Inc., appeals from so much of an amended order of the Supreme Court, Nassau County (Segal, J.), dated January 2, 2001, as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the amended order is affirmed insofar as appealed from, without costs or disbursements.

The injured plaintiff (hereinafter the plaintiff), an employee of the third-party defendant, Chipco Construction and Contracting (hereinafter Chipco), was injured while working on a construction project at the home of the defendants Joseph D. Posillico and Marie Posillico. At his deposition, the plaintiff testified that his activities, as well as Chipco's work in general, were closely supervised by an employee of the appellant, J.D. Posillico, Inc. The appellant denied that it was involved in the project.

"It is axiomatic that summary judgment requires issue-finding rather than issue-determination and that resolution of issues of credibility is not appropriate" (*Heller v Trustees of Town of E. Hampton*, 166 AD2d 554, 555; *see*, *Rotuba Extruders v Ceppos*, 46 NY2d 223; *Capelin Assoc. v Globe Mfg. Corp.*, 34 NY2d 338). Accordingly, the Supreme Court correctly concluded that the appellant was not entitled to summary judgment since there are issues of fact as to whether it was control-

ling the work at the site when the plaintiff was injured (*see,* *Rizzuto v Wenger Contr. Co.,* 91 NY2d 343; *Miranda v City of New York,* 281 AD2d 403). Ritter, Acting P.J., Smith, Adams and Cozier, JJ., concur.