■ COMFORT MANU ANOKYE et al., Appellants, v 240 EAST 175TH STREET HOUSING DEVELOPMENT FUND CORPORATION et al., Respondents. [792 NYS2d 417]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered October 28, 2003, which, inter alia, granted the motion of defendant security company Protection Plus Security Consultants and the cross motion of defendant building owners 240 East 175th Street Housing Development Fund Corporation, 240 East 175th Street Housing Corporation, also known as Housing Development Fund Corporation, and defendant managing agent PWB Management Corporation (collectively the building owners) for summary judgment dismissing the complaint and cross claims, unanimously modified, on the law, to deny the cross motion and to reinstate the complaint and cross claims against the building owners and the third-party claim against the security company, and otherwise affirmed, without costs.

The evidence indicating that the locks to the lobby doors were not working, that the contracted-for security guard was not present at his lobby post at the time of the incident, and that the building had been the scene of drug and other criminal activities, including burglaries, sufficed to raise triable issues as to whether defendant building owners breached their duty to take minimal security precautions to protect plaintiff's decedent, their tenant, from the criminal acts of third-party intruders and as to whether any such failure was the proximate cause of the decedent's harm (*see Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 550-551 [1998]).

On the other hand, the complaint against the security company was properly dismissed since the security company in its contract with the building owners did. not expressly assume any protective duty enforceable by the tenants (*see Gonzalez v National Corp. for Hous. Partnerships*, 255 AD2d 151 [1998], *lv denied* 93 NY2d 812 [1999]).

While the complaint against the security company must be dismissed, the building owners' third-party claim against the security company remains viable. Summary judgment on the third-party claim is not appropriate at this juncture in view of triable issues as to whether the decedent's harm was in fact proximately caused by a failure of the security company to perform the obligations it assumed in its contract with the building owners. Concur—Buckley, P.J., Tom, Friedman and Sweeny, JJ.