■ VERAINA VENETAL et al., Appellants, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HOUSING AUTHORITY, Respondent. [803 NYS2d 609]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), entered March 4, 2004, as granted the motion of the defendant New York City Housing Authority for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied and the complaint is reinstated insofar as asserted against the defendant New York City Housing Authority.

In this negligence action alleging inadequate premises security, the infant plaintiff and her mother seek to recover damages for personal injuries allegedly sustained by the infant plaintiff on August 24, 1994, at approximately 4:00 A.M., as a result of a gunpoint rape by an unidentified assailant on the rooftop of a building located at 5909 Glenwood Road in Brooklyn. The plaintiff was 15 years old at the time of the incident. The premises, known as the Glenwood Houses, is owned by the defendant New York City Housing Authority (hereinafter the defendant).

After the completion of discovery, the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it was granted. This was error.

The court, on a motion for summary judgment, should not determine issues of credibility or the probability of success on the merits, but should only determine whether there is a triable issue of fact (*see Greco v Posillico*, 290 AD2d 532 [2002]). Contrary to the defendant's assertions, the inconsistencies in the plaintiff's deposition testimony do not eliminate the genuine issues of fact raised in opposition to the motion (*see Granados v New York City Hous. Auth.*, 255 AD2d 249, 250 [1998]; *see also Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

A landlord is not the insurer of the safety of its tenants (*Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519 [1980]). However, "[l]andlords have a common-law duty to take minimal precautions to protect tenants from foreseeable harm, including foreseeable criminal conduct by a third person" (*Mason v U.E.S.S. Leasing Corp.*, 96 NY2d 875, 878 [2001]; *see Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 548 [1998]; *Jacqueline S. v City of New York*, 81 NY2d 288, 293-294 [1993]; *Nallan v Helmsley-Spear, Inc., supra* at 519). This duty of care extends to government entities acting in their proprietary capacity as landlords (*see Miller v State of New York*, 62 NY2d 506, 511 [1984]; *Jacqueline S. v City of New York, supra* at 295; *Waters v New York City Hous. Auth.*, 69 NY2d 225, 228 [1987]). The municipal landlord's duty to provide minimal safety precautions arises when the municipality is on notice that there is a likelihood that the criminal conduct of third persons at the premises may pose a danger to the safety of tenants or others lawfully present (*see Miller v State of New York, supra* at 508-509; *Johnson v New York City Hous. Auth.*, 114 AD2d 438 [1985]). Although evidence of prior criminal activity may establish the element of foreseeability (*see Jacqueline S. v City of New York, supra* at 294-295; *Kender v Taj Mahal Hotel*, 234 AD2d 518 [1996]), "[t]here is no requirement" that the prior criminal activity be

"at the exact location where plaintiff was harmed or that it be of the same type" by which the plaintiff was victimized (*Jacqueline S. v City of New York, supra* at 294). Whether the history of criminal activity occurring within the confines of a unified housing complex provides sufficient experiential evidence to establish that it is reasonably foreseeable that the tenants are at risk of harm depends on a variety of factors, including "the location, nature and extent of those previous criminal activities and their similarity, proximity or other relationship to the crime in question" (*see Jacqueline S. v City of New York, supra* at 295; *Mason v U.E.S.S. Leasing Corp., supra* at 878; *Granados v New York City Hous. Auth., supra* at 250).

The evidence submitted in opposition to the defendant's motion demonstrated the existence of a material issue of fact with respect to the element of foreseeability of harm from the criminal conduct of third persons in the absence of adequate safety measures (*see Burgos v Aqueduct Realty Corp., supra* at 551-552; *Carmen P. v PS&S Realty Corp.*, 259 AD2d 386, 387 [1999]; *Rios v Jackson Assoc.*, 259 AD2d 608, 609-610 [1999]). The crime statistics relied on by the plaintiff were produced by the defendant in pre-trial disclosure and were maintained by the Housing Authority Police. The experiential evidence of more than 70 felonies, including murder, forcible rape, arson, assault and burglaries with forced entries, committed during the two years prior to the date the plaintiff was raped, demonstrate that the Glenwood Houses suffered from an extensive history of violent criminal activity. The defendant's notice of this criminal history was established by the building superintendent's testimony that copies of police reports were given to the building manager (*id.; cf. Grignoli v New York City Hous. Auth.*, 196 AD2d 525 [1993]).

A landlord may discharge its duty of care by providing functioning self-locking doors or other security devices at the entranceway to the building (*see e.g. Alvarez v Masaryk Towers Corp.*, 15 AD3d 428 [2005]; *Lester v New York City Hous. Auth.*, 292 AD2d 510, 511 [2002]; *Anzalone v Pan-Am Equities*, 271 AD2d 307, 309 [2000]). However, if a door lock malfunctions and a tenant is assaulted, the landlord may be found liable for the failure to provide adequate security in response to foreseeable criminal conduct where the element of causation is established by the assailant's status as an intruder (*see Burgos v Aqueduct Realty Corp., supra* at 550-551; *Carmen P. v PS&S Realty Corp., supra* at 387). Whether the assailant was an intruder is ordinarily a triable issue of fact (*see Burgos v Aqueduct Realty Corp., supra* at 551-552; *Nallan v Helmsley-Spear,*

*Inc., supra* at 519-520). In order to establish the landlord's liability, the tenant need not conclusively demonstrate that the assailant was an intruder or that the intruder's means of access was through the negligently maintained door (*see Bennett v Twin Parks Northeast Houses*, 93 NY2d 860, 861 [1999]; *Burgos v Aqueduct Realty Corp., supra* at 551-552). At trial, the causal link is established where the plaintiff demonstrates by a preponderance of the evidence that it is more likely than not that the intruder gained access through a negligently maintained door (*see Burgos v Aqueduct Realty, supra* at 550). However, "in order to withstand summary judgment, a plaintiff need only raise a triable issue of fact regarding whether defendant's conduct proximately caused plaintiff's injuries" (*id.* at 550; *see Carmen P. v PS&S Realty Corp., supra* at 388; *Rios v Jackson Assoc., supra* at 610).

On the night she was raped by a person she did not know, the plaintiff did not have her keys to the exterior door of her building at the Glenwood Houses or to her apartment. She knocked on the first floor window of her neighbor's apartment in order to gain access to the building. Her neighbor opened the locked exterior door and allowed the plaintiff to enter. After the plaintiff gained entrance to her apartment building, she heard the door shut behind her. At that time, neither her unknown assailant nor anyone else was in the lobby of the building. She did not see anyone leave the building. Thereafter, she heard the door slam immediately before her assailant first confronted her inside the building. The assailant attempted to engage the plaintiff in conversation until she told him that her father was coming to the door. She heard the assailant leave the building and then return through the front door shortly thereafter. No one else had entered the building in the interim and thus, there is no evidence to indicate that another person allowed the assailant into the building (*see Brewster v Prince Apts.*, 264 AD2d 611, 614 [1999]; *Granados v New York City Hous. Auth., supra* at 250; *cf. Rivera v New York City Hous. Auth.*, 239 AD2d 114, 115 [1997]). Upon re-entering the building, the assailant attempted to engage the plaintiff in conversation until two neighbors entered the building. Although the plaintiff did not cry out for help, she contends that she unsuccessfully attempted to signal the neighbors of her plight. After the neighbors went up the elevator, the assailant forced the plaintiff to the roof of the building at gunpoint where he raped her.

The plaintiff testified that she personally witnessed keys from one apartment building open the doors to other buildings in the housing complex. This evidence of a security lapse was cor-

roborated by the superintendent of the housing complex. He conceded that when the door lock cylinders become worn, keys from one building's door lock can fit the cylinders in another building's door lock. He also testified that he was aware of tenant complaints that keys from one building opened the doors to other buildings. The superintendent acknowledged, were that the case, it would be a violation of the defendant's policy, which was to have different key-lock combinations for each building and that keys to exterior doors were restricted to tenants of the particular building (*see Brewster v Prince Apts., supra* at 614).

This, of course, supports the inference that the assailant's status was that of an intruder, particularly when viewed in light of the plaintiff's testimony that her unidentified assailant, who told her that he lived in the housing complex and did not attempt to shield his identity, offered to open the locked exterior door for her (*see Burgos v Aqueduct Realty Corp., supra* at 551-552).

The evidence presented raised a question of fact as to whether the plaintiff's assailant was an intruder who gained access to the building because of a defect in the door lock (*see Burgos v Aqueduct Realty Corp., supra* at 550-551; *Hargett v New York City Hous. Auth.* 92 NY2d 975 [1998], *revg* 244 AD2d 459 [1997]; *Jacqueline S. v City of New York, supra* at 295; *Anokye v 240 E. 175th St. Hous. Dev. Fund Corp.*, 16 AD3d 287 [2005]; *Carmen P. v PS&S Realty Corp., supra* at 388; *Rios v Jackson Assoc., supra* at 608, 609-610; *Granados v New York City Hous. Auth., supra* at 250; *see also Chianese v Meier*, 98 NY2d 270, 278 [2002]; *cf. Lester v New York City Hous. Auth., supra* at 510, 511).

Accordingly, the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it should have been denied and the complaint is reinstated insofar as asserted against the defendant. Florio, J.P., Adams, Luciano and Skelos, JJ., concur.