■ JOANNE M. BROWNING, Individually and as Personal Representative of the Estate of JILL LYN EUTO, Deceased, et al., Respondents, v JAMES PROPERTIES, INC., et al., Appellants. [821 NYS2d 696]—

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered July 22, 2005. The order,

insofar as appealed from, denied in part defendants' motion seeking summary judgment dismissing the complaint.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted in its entirety and the complaint is dismissed.

Memorandum: Plaintiffs commenced this action seeking damages for the wrongful death and the conscious pain and suffering of decedent, the daughter of plaintiff Joanne M. Browning and the sister of plaintiff Jenna Euto. Decedent leased an apartment in a building owned by defendant HKS Realty Associates, Inc. and managed by defendant James Properties, Inc., and she was murdered in the apartment. The murder investigation remains open and unsolved. We agree with defendants that Supreme Court erred in failing to grant in its entirety their motion seeking summary judgment dismissing the complaint. Although the court properly determined that defendants met their initial burden of establishing their entitlement to judgment, it erred in determining that plaintiffs raised an issue of fact whether defendants breached their duty to take minimal precautions to protect decedent from foreseeable harm from the criminal conduct of a third party.

"Landlords have a 'common-law duty to take minimal precautions to protect tenants from foreseeable harm,' including a third party's foreseeable criminal conduct" (*Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 548 [1998]). However, "the necessary causal link between a landlord's culpable failure to provide adequate security and a tenant's injuries resulting from a criminal attack in [a] building can be established only if the assailant gained access to the premises through a negligently maintained entrance" (*id.* at 550). Defendants established that there was no history of violent crime by third parties in the building, and plaintiffs failed to raise an issue of fact whether defendants knew or had reason to know "from past experience 'that there [was] a likelihood of [violent] conduct on the part of third persons' " in the building (*Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519 [1980]; *see Todorovich v Columbia Univ.*, 245 AD2d 45, 45-46 [1997], *lv denied* 92 NY2d 805 [1998]; *cf. Jacqueline S. v City of New York*, 81 NY2d 288, 291 [1993], *rearg denied* 82 NY2d 749 [1993]; *Venetal v City of New York*, 21 AD3d 1087, 1089 [2005]). Although plaintiffs provided evidence of one violent crime in proximity to the building in which decedent lived, they failed to raise an issue of fact whether "ambient crime ha[d] demonstrably infiltrated [the] premises or [that defendants were] otherwise on notice of a serious risk

of such infiltration that [their] duty to provide protection against the acts of criminal intruders may be said to [have] arise[n]" (*Todorovich*, 245 AD2d at 46). We further conclude that the affidavit of an expert on security measures submitted by plaintiffs is insufficient to raise an issue of fact whether defendants breached their duty to "maintain minimal security measures, related to [the] specific building itself, in the face of foreseeable criminal intrusion upon tenants" (*Miller v State of New York*, 62 NY2d 506, 513 [1984]). Furthermore, defendants established that the doors into the building were secured by automatic locks accessible by a computerized key fob issued only to tenants, that there was an intercom system by which tenants admitted visitors, that the apartment doors were secured by a lock with a dead bolt that locked automatically unless left unlocked by the tenant, and that each apartment door contained a peep hole, and we conclude that plaintiffs failed to raise an issue of fact whether the "assailant gained access to the premises through a negligently maintained entrance" (*Burgos*, 92 NY2d at 550; cf. *Jacqueline S.*, 81 NY2d at 292; *Venetal*, 21 AD3d at 1090-1091). Present—Pigott, Jr., P.J., Scudder, Kehoe, Smith and Green, JJ.