■ Devon Neil, Respondent, v New York City Housing Authority, Appellant, et al., Defendant. [853 NYS2d 567]—

In an action to recover damages for personal injuries, the defendant New York City Housing Authority appeals from so much of an order of the Supreme Court, Kings County (Battaglia, J.),

dated April 4, 2007, as denied that branch of its motion which was for summary judgment dismissing the plaintiff's cause of action asserting a violation of Real Property Law § 231 (2) insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was assaulted on premises owned and operated by the defendant New York City Housing Authority (hereinafter the defendant) by an assailant alleged to be a tenant at those premises. The assault followed a prior incident in which the plaintiff was punched and the window of the apartment where he was living with his mother was shattered, after he complained about the assailant's engagement in certain activities in the hallway of the building, allegedly involving illegal drugs. The plaintiff commenced this action to recover damages for personal injuries he sustained as a result of the assault. The Supreme Court, inter alia, denied the defendant's motion for summary judgment dismissing the cause of action asserting a violation of Real Property Law § 231 (2) insofar against it. We affirm.

Pursuant to Real Property Law § 231 (2), "[t]he owner of real property, knowingly leasing or giving possession of the same to be used or occupied, wholly or partly, for any unlawful trade, manufacture or business, or knowingly permitting the same to be so used, is liable severally, and also jointly with one or more of the tenants or occupants thereof, for any damage resulting from such unlawful use, occupancy, trade, manufacture or business." In order to establish a violation thereunder, the plaintiff must "show that the defendant was given notice of repeated criminal activity on the premises such that the risk of injury was likely [and] that a causal relationship existed between the complained of activities and plaintiff's injuries" (*Maria S. v Willow Enters.*, 234 AD2d 177, 178-179 [1996] [citation omitted]; *see Alonso v Branchinelli*, 277 AD2d 408, 409 [2000]).

The defendant failed to establish, as a matter of law, that it lacked notice of repeated criminal activity occurring on the premises (*see Luisa R. v City of New York*, 253 AD2d 196, 200 [1999]; *Beatty v National Assn. for Advancement of Colored People*, 194 AD2d 361, 362-363 [1993]). In support of its motion, the defendant submitted the deposition testimony of a housing assistant who asserted, inter alia, that he had received several prior complaints regarding drug activity in the building. The housing assistant's testimony was corroborated by the deposition testimony of the plaintiff and his mother who asserted, among other things, that they had seen individuals selling and using drugs in the hallway outside the mother's apartment. The

mother also testified at her deposition that she made several oral complaints to the defendant regarding this drug activity and submitted documentary evidence of a written complaint she made to the defendant, which included a copy of a police report.

The defendant also failed to establish, as a matter of law, that the drug activity was unrelated to the plaintiff's injuries (*cf. Muniz v Flohern, Inc.,* 77 NY2d 869 [1991]). There is no requirement that the prior criminal activity be of the same type as that to which the plaintiff was subjected in order to establish foreseeability of the plaintiff's injury, but the court must consider "the location, nature and extent of those previous criminal activities and their similarity, proximity or other relationship to the crime in question" (*Jacqueline S. v City of New York,* 81 NY2d 288, 295 [1993]; *see Venetal v City of New York,* 21 AD3d 1087, 1089 [2005]; *Novikova v Greenbriar Owners Corp.,* 258 AD2d 149, 153 [1999]). Here, the plaintiff and his mother were previously threatened by the assailant after they complained to the defendant and the police about the assailant's activities on the premises. The plaintiff allegedly was assaulted by the assailant on his return to the building. The defendant was unable to establish, prima facie, that the assault was unrelated to those prior complaints or that the assault was not foreseeable based upon the prior occurrences (*see Venetal v City of New York,* 21 AD3d 1087, 1089 [2005]; *Luisa R. v City of New York,* 253 AD2d at 200; *Beatty v National Assn. for Advancement of Colored People,* 194 AD2d at 362-363), and we thus need not consider the sufficiency of the papers submitted by the plaintiff in opposition.

The defendant's remaining contentions are without merit. Skelos, J.P., Fisher, Dillon and McCarthy, JJ., concur. [*See* 15 Misc 3d 1115(A), 2007 NY Slip Op 50698(U).]