GARY MURPHY, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [943 NYS2d 898]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Jacobson, J.), entered April 8, 2011, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff alleged that he was injured when he slipped on pebbles thrown from the roof of a building owned by the defendant. The plaintiff commenced this action to recover damages for personal injuries against the defendant. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint.

The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that the alleged criminal act which caused the plaintiff's injury was not foreseeable as a matter of law (*see Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519 [1980]; *Burgess v City of New York*, 205 AD2d 656, 657 [1994]; *O'Britis v Peninsula Golf Course*, 143 AD2d 123, 125 [1988]; *Steenbar v Buerman & Co.*, 2 AD2d 780 [1956], *affd* 2 NY2d 903 [1957]; *cf. Johnson v New York City Hous. Auth.*, 114 AD2d 438 [1985]).

In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact. In his opposition papers, the plaintiff contended for the first time that the defendant should have removed the pebbles from the roof of the building or installed video cameras to protect him from the criminal conduct of a third person. Since these theories were not articulated in the notice of claim, pleaded in the complaint, or set forth in the bill of particulars, the Supreme Court properly declined to consider them (*see Yaeger v UCC Constructors*, 281 AD2d 990, 991 [2001]).

In light of our determination, we need not reach the appellant's remaining contentions.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Chambers, Roman and Miller, JJ., concur.