■ LUIS CARASQUILO, Respondent, v MACOMBS VILLAGE ASSOCIATES et al., Appellants, et al., Defendants. [952 NYS2d 122]—

The evidence presents triable issues of fact as to whether defendants breached their duty to take minimal security precautions to protect plaintiff from the criminal acts of third-party intruders and as to whether any such failure was the proximate cause of the attack upon plaintiff. Such evidence included that the magnetic lock to the lobby door was not working, that two of the three contracted-for security guards were not on duty at the time of the incident, and that the building complex had been the scene of drug and other criminal activities, including a mugging and a robbery (*see e.g. Anokye v 240 E. 175th St. Hous. Dev. Fund Corp.*, 16 AD3d 287 [1st Dept 2005]).

The security reports of criminal activity in the building complex over the three years prior to the attack raise at least a triable issue as to the foreseeability of the attack against plaintiff (*see Romero v Twin Parks Southeast Houses, Inc.*, 70 AD3d 484, 485 [1st Dept 2010]; *Baez v 2347 Morris Realty, Inc.*, 69 AD3d 480 [1st Dept 2010]; *Rios v Jackson Assoc.*, 259 AD2d 608, 609-610 [2d Dept 1999]). Additional evidence presents triable issues as to whether it was more likely than not that the assailants were intruders who gained access to the premises through the allegedly negligently maintained entrance (*see Chunn v New York City Hous. Auth.*, 83 AD3d 416, 417 [1st Dept 2011]; *Calderin v Lyra Assoc.*, 281 AD2d 248 [1st Dept 2001]).

Moreover, the criminal assault was not so extraordinary and unforeseeable as to break the causal connection between plaintiff's injuries and defendant's conduct as a matter of law (*see Newman v McDonald's Rests. of N.Y., Inc.*, 48 AD3d 1152, 1153 [4th Dept 2008]). The record does not include evidence of a criminal conspiracy to assault plaintiff that is sufficient to support the conclusion that it is most unlikely that reasonable security measures, such as a functioning magnetic door lock, would have deterred the criminal participants. Concur—Andrias, J.P., Sweeny, Moskowitz and Manzanet-Daniels, JJ.