■ Nelly Arroyo, Individually and as Mother and Natural Guardian of Nelsie Arroyo, Respondent, v Fourteen Estusia Corp., Also Known as 14 Estusia Corp., Appellants.—Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered August 29, 1991, which, *inter alia,* denied defendants' cross-motion to dismiss the complaint, unanimously affirmed, without costs.

In an action to recover damages against the corporate owner of a multiple dwelling and its sole officers and shareholders, the complaint alleges that an unknown assailant gained entry to the adult plaintiff's apartment and raped her

in the presence of the infant plaintiff, her four-year old daughter.

Although there is some dispute on this point, defendants' motion was properly considered by the IAS Court as one for summary judgment. Plaintiff's statement that the intruder gained entry through her front door, that the locks on her apartment door were in disrepair, that the front gate was kept unlocked, and that the front door was not self-locking, sufficed to raise issues of fact concerning whether a lack of security led to plaintiff's injuries. It is noted that the credibility of plaintiff's denial that her door was repaired, despite the receipt given to the superintendent, itself raises an issue of fact *(Giambrone v New York Yankees,* 181 AD2d 547).

Knowledge of facts pertinent to whether the corporate veil should be pierced being exclusively with defendants, the question should be treated after disclosure. However, the IAS Court, relying on *Housing & Dev. Admin. v Johan Realty Co.* (93 Misc 2d 698), reasoned that since corporate officers are " 'in control' " of premises for the purposes of the Multiple Dwelling Law and Housing Maintenance Code, the corporate veil can be pierced, as a matter of law, without further evidence. This was error. *Johan Realty Co.* did not purport to impose civil *tort* liability on corporate officers for housing violations, but only a liability *to correct housing violations (see, N. A. Dev. Co. v Jones,* 99 AD2d 238). If corporate officers and directors were intended by the Legislature to be individually liable in tort for housing violations, without more, there would have been no need for the Legislature to specially create such liability in cases where the dwelling house is declared a public nuisance *(see,* Multiple Dwelling Law § 304 [8]; Housing Maintenance Code [Administrative Code of City of NY] § 27-2114 [b], [d], [e]). Concur—Carro, J. P., Milonas, Ellerin and Asch, JJ.