■ WILLIE GLEATON, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [633 NYS2d 399] —In an action to recover damages for wrongful death, etc., the defendant appeals from an order of the Supreme Court, Kings County (Vacarro, J.), dated September 28, 1994, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

In 1989, Theresa Clayton was murdered in a building owned and maintained by the defendant New York City Housing Authority (hereinafter the NYCHA). There were no arrests made and there is no evidence in the record indicating who the assailant was or how he or she gained access to the building.

Thereafter, Ms. Clayton's mother commenced this action against the NYCHA, alleging that the murder was caused by, among other things, the failure of the NYCHA to provide and maintain locks and other security measures in the building. In support of its motion for summary judgment dismissing the complaint, the NYCHA argued that the plaintiff failed to demonstrate that the perpetrator gained access to the building by virtue of the absence of security measures and devices. The Supreme Court denied the motion without opinion. We reverse.

On the record before us, the plaintiff has adduced no factual support for her contention that the assailant was an intruder who gained entry to the building by virtue of the allegedly lax security measures. Under the circumstances, there exist no material questions of fact with respect to the plaintiff's allegations that the conduct of the NYCHA constituted a proximate cause of the occurrence (see, Scheer v City of New York, 211 AD2d 778; Harris v New York City Hous. Auth., 211 AD2d 616; Wright v New York City Hous. Auth., 208 AD2d 327; Dawson v New York City Hous. Auth., 203 AD2d 55; see also, Oginski v Rosenberg, 115 AD2d 463). Accordingly, the motion of the NYCHA for summary judgment should have been granted. Sullivan, J. P., Thompson, Hart and Goldstein, JJ., concur.