■ BRENDA PERRY, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [635 NYS2d 661] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated April 25, 1994, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment is granted, and the complaint is dismissed.

The plaintiff was injured when her ex-boyfriend kicked in the door to her apartment and attacked her with a knife. The defendant, New York City Housing Authority, is the owner/operator of the building in which the plaintiff's apartment is located. The plaintiff commenced this action against the defendant alleging that it was negligent in failing to provide locks for the outside doors of the building and in failing to provide an adequate lock for the door to her apartment. However, with regard to the allegation that the outside doors to the building were unlocked, the plaintiff offers no evidence that her assailant took advantage of the unlocked doors to enter the building. Thus the plaintiff has raised no factual issue as to whether the unlocked doors were a proximate cause of her injuries (see, Dawson v New York City Hous. Auth., 203 AD2d 55, 56; Kistoo

*v City of New York*, 195 AD2d 403, 404; *Hendricks v Kempler*, 156 AD2d 425). Also, the plaintiff has offered no evidence that the assailant was "an intruder * * * with no right or privilege to be present there" (*Miller v State of New York*, 62 NY2d 506, 509; *see also, Dawson v New York City Hous. Auth., supra,* at 55).

With regard to the alleged inadequacy of the lock on her apartment door, the plaintiff admits that she was able to lock her door, but asserts that the door did not lock "properly", because the door was "loose fitting". These conclusory allegations are insufficient to defeat the motion for summary judgment (*see, Fallon v Hannay & Son*, 153 AD2d 95). In an apparent attempt to quantify or specify the alleged defect in the door, the plaintiff stated only that it "could be pushed open without the use of a key", and it "was easy to kick in". Again, these conclusory allegations say nothing about the force necessary to breach the lock, since, presumably, any door could be pushed open without the use of a key if enough force is applied and that it was "easy to kick in" is a relative phrase open to vastly differing interpretations.

A landlord has a duty to maintain minimal security measures to protect against foreseeable criminal intrusion upon tenants (*Miller v State of New York, supra,* at 513), a landlord is not required to become the insurer of the safety of the premises (*see, Tarter v Schildkraut*, 151 AD2d 414, 415). While the issue of whether a landlord has taken reasonable safety precautions is "almost always" for the jury to resolve (*Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 520, n 8), the plaintiff here has failed to raise a triable issue regarding the defendant's alleged breach. Thus, the defendant is entitled to summary judgment dismissing the complaint. Balletta, J. P., Rosenblatt and Pizzuto, JJ., concur.

Altman, J., dissents and votes to affirm the order appealed from with the following memorandum in which Joy, J., concurs. I agree with my colleagues that the plaintiff did not submit evidence sufficient to raise an issue of fact as to whether her injuries were proximately caused by the defendant's alleged failure to provide locks for the outside doors of the building. As to her apartment door, however, the plaintiff came forward with evidence which demonstrated that the defendant breached its duty to take minimal safety precautions to protect its tenant from a reasonably foreseeable criminal act (*see, Miller v State of New York*, 62 NY2d 506, 513).

The plaintiff stated that the door did not fit properly within the frame. It was "loose fitting" and, although the door had a

lock, it could be pushed open without the use of a key. She testified that on the night of the assault it took her ex-boyfriend "about two seconds" to gain access to her apartment. The plaintiff's allegations were not merely conclusory. Rather, she described a specific problem with the door and the ease with which access to her apartment was gained. This is not a products liability case requiring the plaintiff to demonstrate a design defect in a product (*compare, Fallon v Hannay & Son,* 153 AD2d 95).

Further, the plaintiff came forward with evidence that she had reported the problem to the defendant and had requested that the door be repaired the week prior to the assault. In addition, there was evidence that the defendant was aware that the plaintiff had previously been attacked in her apartment by this same man. Accordingly, I would affirm the Supreme Court's denial of the defendant's motion for summary judgment.