■ BARBARA ELEBY, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [637 NYS2d 219] —In an action to recover damages from personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (G. Aronin, J.), dated April 12, 1994, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment is granted, and the complaint is dismissed.

The plaintiff was assaulted and raped by her former boyfriend in the stairwell outside of her apartment in a public housing project. She commenced this action against the defendant as landlord and owner of the premises, alleging that despite its knowledge of prior criminal activity in and around the building, the defendant failed to properly maintain the lock on the front door to the apartment building. After issue was joined, the defendant moved for summary judgment. The court denied the motion, finding the existence of triable issues of fact. We now reverse and dismiss the complaint.

A landowner is not the insurer of his tenants (see, Nallan v Helmsley-Spear, Inc., 50 NY2d 507). However, a government entity, as " 'a landowner must act as a reasonable [person] in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injuries to others, the seriousness of the injury, and the burden of avoiding the risk' " (Basso v Miller, 40 NY2d 233, 241; see also, Jacqueline S. v City of New York, 81 NY2d 288; Miller v State of New York, 62 NY2d 506; Nallan v Helmsley-Spear, Inc., supra). "Under this standard, a landlord has a duty to maintain minimal security measures, related to a specific building itself, in the face of foreseeable criminal intrusion upon [its] tenants" (Miller v State of New York, supra, at 513, citing Nallan v Helmsley-Spear, Inc., supra; see also, Jacqueline S. v City of New York, supra; Tartar v Schildkraut, 151 AD2d 414; Loeser v Nathan Hale Gardens, 73 AD2d 187; Sherman v Concourse Realty Corp., 47 AD2d 134). Here, in order to sustain her evidentiary burden as to causation, it was incumbent upon the plaintiff, in response to the defendant's motion for summary judgment, to have proffered sworn, nonhearsay allegations of evidentiary fact or other competent evidence that the lock at issue was inoperable at the time of the attack and that the defendant knew or should have known of such a fact for a period of time sufficient to have repaired it (see, Beatty v National Assn. for Advancement of Colored People, 194 AD2d 361; see also, Loeser v Nathan Hale Gardens, supra; Sherman v

*Concourse Realty Corp., supra*). However, no such evidence was proffered. Accordingly, even if we assume that the attack was foreseeable, the defendant's motion for summary judgment should have been granted and the complaint dismissed. Miller, J. P., O'Brien, Ritter and Goldstein, JJ., concur.