■ KATINA DILLMAN, Respondent, v BOHEMIAN CITIZENS BENEVOLENT SOCIETY OF ASTORIA, INC., et al., Appellants. [642 NYS2d 909] —In an action to recover damages for personal injuries, the defendant Bohemian Citizens Benevolent Society of Astoria, Inc. appeals, and the defendant Pan-Cyprian Athletic Association, Inc. cross-appeals, from so much of an order of the Supreme Court, Queens County (Lisa, J.), dated November 21, 1994, as denied their respective motions for sum-

mary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the defendants appearing separately and filing separate briefs, the defendants' respective motions for summary judgment are granted, and the complaint and all cross claims against them are dismissed.

In July of 1989 the plaintiff's decedent, Dimitrious Boutsiaris, attended an outdoor festival operated by the defendant Pan-Cyprian Athletic Association, Inc., on premises owned by the defendant Bohemian Citizens Benevolent Society of Astoria, Inc. The property in question was surrounded on three sides by a stone wall approximately 8 to 10 feet high, and adjoined on one of those sides by a schoolyard. Boutsiaris was sitting at a picnic table in an area where some children were playing when some type of firework was propelled from behind the nearby stone wall adjacent to the schoolyard and landed a few feet from him. Boutsiaris picked up the firework in order to throw it away and the device exploded in his hand, ultimately resulting in the loss of the hand.

Boutsiaris subsequently brought this action, alleging that the defendants breached their duty to provide adequate security measures. Upon the defendants' separate motions for summary judgment, the Supreme Court concluded that a triable issue of fact existed as to whether the defendants breached their duty to protect the festival patrons from the reasonably foreseeable criminal acts of third parties.

We conclude that the defendants are entitled to summary judgment. Although a possessor of real property is under a duty to maintain minimal security measures to protect those lawfully on the premises from reasonably foreseeable criminal acts of third parties, a possessor of land is not an insurer of a visitor's safety (see, Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 519; Eleby v New York City Hous. Auth., 223 AD2d 665). A party cannot be held liable for the extraordinary and unforeseeable acts of a third party (see, Santiago v New York City Hous. Auth., 63 NY2d 761). Under the circumstances of this case, we conclude that the events which led to Boutsiaris's tragic injuries were extraordinary and unforeseeable as a matter of law, such that the defendants cannot be held liable (see, Santiago v New York City Hous. Auth., supra; Tarter v Schildkraut, 151 AD2d 414, 416). Balletta, J. P., Sullivan, Copertino and Krausman, JJ., concur.