■ DARYL FOLKS, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [643 NYS2d 179] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Shaw, J.), dated January 10, 1995, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is granted, and the complaint is dismissed.

The plaintiff was a resident of a three-story apartment building located in the Bruekelen Housing Project, which is owned and operated by the defendant. On April 24, 1990, two unidentified assailants fired four shots through the closed door of the plaintiff's apartment striking him in the leg. There were no arrests made and there is no evidence in the record indicating the identity of the assailants or how they gained access to the building. Thereafter, the plaintiff commenced this action against the defendant alleging that his injuries were due solely to its negligence in failing to provide adequate security measures.

The defendant made out a prima facie case for summary judgment. Although the plaintiff contends that his shooting was related to alleged criminal activities occurring in an adjacent apartment, he failed to adduce proof demonstrating a nexus between the alleged drug dealing in the adjacent apartment and his shooting. Instead, the plaintiff raised conclusory and unsubstantiated allegations which are insufficient to defeat a motion for summary judgment (*see, Zuckerman v City of New York,* 49 NY2d 557, 562).

The plaintiff failed to adduce evidence that his assailants were intruders who gained entry to the premises because of an

alleged inoperative lock on the front door of the premises. Thus, the plaintiff failed to raise a factual issue as to whether the unlocked door was the proximate cause of his injuries (*see, Perry v New York City Hous. Auth.*, 222 AD2d 567; *Gleaton v New York City Hous. Auth.*, 221 AD2d 504; *Wright v New York City Hous. Auth.*, 208 AD2d 327; *Dawson v New York City Hous. Auth.*, 203 AD2d 55; *Kistoo v City of New York*, 195 AD2d 403).

The plaintiff adduced no factual support for his contention that the lighting was inadequate and that the lighting was the proximate cause of his injuries. The complaint and bill of particulars merely raised conclusory allegations to that effect, which, standing alone, are insufficient to defeat a motion for summary judgment (*see, Rodriguez v New York City Hous. Auth.*, 87 NY2d 887).

Accordingly, the defendant's motion for summary judgment should have been granted. Ritter, J. P., Pizzuto, Santucci and Krausman, JJ., concur.