■ ALONZO MIZELLE et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [654 NYS2d 325] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Price, J.), dated July 14, 1995, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

It is well settled that a landlord has a duty to maintain minimal security measures to protect against foreseeable criminal intrusion upon tenants (*see, Miller v State of New York*, 62 NY2d 506; *Perry v New York City Hous. Auth.*, 222 AD2d 567). Moreover, the issue of whether a landlord has taken reasonable safety precautions is "almost always" for the jury to resolve (*see, Perry v New York City Hous. Auth., supra; Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 520, n 8). Here, the plaintiffs have presented evidence creating issues of fact as to whether the defendant breached its duty of care to the plaintiffs and whether the alleged breach was a proximate cause of the plaintiffs' injuries (*see, e.g., Jacqueline S. v City of New York*, 81 NY2d 288; *Rosario v New York City Hous. Auth.*, 230 AD2d 900). Finally, contrary to the conclusion of the Supreme Court, the defendant's duty, under these circumstances, did not constitute a governmental function (*see, Miller v State of New York*, 62 NY2d 506, *supra*). Accordingly, the defendant's motion for summary judgment should have been denied. Copertino, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.