◼ CECILIA A. SHINN, Respondent, v LEFRAK ORGANIZATION, INC.; et al., Appellants, et al., Defendant. [657 NYS2d 1005] —In an action to recover damages for personal injuries, the defendants Lefrak Organization, Inc., Mid State Management Corporation, and Peru Leasing Company, the defendant Mid City Security Service, Inc., and the defendant Security Services, Inc., separately appeal from an order of the Supreme Court, Queens County (Lisa, J.), dated February 15, 1996, which denied their respective motions for summary judgment dismissing the complaint and any cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill

of costs payable to the appellants appearing separately and filing separate briefs, the respective motions are granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

On November 3, 1992, at approximately 4:00 P.M., the plaintiff was attacked by an unknown assailant in the elevator of her apartment building, known as the Peru building, in Lefrak City. There were no arrests made and there is no evidence in the record indicating who the assailant may have been or how he gained access to the building.

The plaintiff commenced this action against, *inter alia,* the building's owners, the managing agent, and the providers of security on the premises, alleging that the defendants failed to provide adequate security measures and devices on the premises. In support of their respective motions for summary judgment dismissing the complaint, the defendants argued that the plaintiff failed to demonstrate that the assailant gained access to the building by virtue of the allegedly inadequate security measures and an open entrance door. The Supreme Court denied the motions. We reverse.

On the record before us, the plaintiff has presented no factual support for her contention that the assailant was an intruder who gained entry into the building by virtue of the allegedly inadequate security measures. Under the circumstances, no material questions of fact exist with respect to the plaintiff's allegations that the conduct of the defendants constituted a proximate cause of the occurrence (*see, Gleaton v New York City Hous. Auth.,* 221 AD2d 504; *Harris v New York City Hous. Auth.,* 211 AD2d 616; *Wright v New York City Hous. Auth.,* 208 AD2d 327; *Dawson v New York City Hous. Auth.,* 203 AD2d 55; *Grignoli v New York City Hous. Auth.,* 196 AD2d 525). Accordingly, the defendants' respective motions for summary judgment should have been granted. Bracken, J. P., Copertino, Santucci and Altman, JJ., concur.