■ DENISE F. WOODLEY, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant, et al., Defendant. [666 NYS2d 485] —In an action to recover damages for personal injuries, the defendant New York City Housing Authority appeals from so much of an order of the Supreme Court, Kings County (Vinik, J.), dated March 24, 1997, as denied that branch of the defendants' motion for summary judgment which was to dismiss the first cause of action insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendants' motion for summary judgment which was to dismiss the first cause of action insofar as asserted against the New York City Housing Authority is granted, and the first cause of action is dismissed against that defendant.

The plaintiff was assaulted by an unidentified assailant in the lobby of her apartment building which was owned and operated by the defendant New York City Housing Authority. Inasmuch as the plaintiff failed to submit proof as to how the assailant gained access to the building, or proof that the assailant was not an invitee, she has failed to raise a factual issue as to whether the absence of operating locks on the entrance doors was a proximate cause of her injuries (*see, e.g., Shinn v Lefrak Org.,* 239 AD2d 335; *Folks v New York City Hous. Auth.,* 227 AD2d 520; *Perry v New York City Hous. Auth.,* 222 AD2d 567; *Gleaton v New York City Hous. Auth.,* 221 AD2d 504; *Jimenez v 470 Audubon Ave. Corp.,* 239 AD2d 106; *Borrero v New York City Hous. Auth.,* 236 AD2d 262, *lv granted* 91 NY2d 801). Bracken, J. P., Copertino, Thompson and Luciano, JJ., concur.