■ DIANA PAGAN et al., Respondents, v 148 JAMAICA AVE. COMPANY et al., Respondents-Appellants, CHECK CASHING CORP., Appellant-Respondent, et al., Defendants. [669 NYS2d 921] —In an action to recover damages for personal injuries and wrongful death, (1) the defendant AMR Check Cashing Corp. appeals from so much of an order of the Supreme Court, Queens County (Lane, J.), dated September 9, 1996, as denied its cross motion for summary judgment dismissing the com-

plaint and all cross claims insofar as asserted against it, and (2) the defendants 148 Jamaica Ave. Company, Joel Mandell, Lawrence Mandell, Stanley Mandell, and Stanley Schubert, individually and as partners of 148 Jamaica Ave. Company, cross-appeal from so much of the same order as denied their motion for summary judgment on their cross claims against the defendant AMR Check Cashing Corp. and their cross motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, with one bill of costs payable to the defendants appearing separately and filing separate briefs, the motion and cross motions are granted, and the complaint insofar as asserted against the appellant-respondent and the respondents-appellants and all cross claims insofar as asserted against the appellant-respondent and the respondents-appellants are dismissed.

It is well settled that a person who possesses realty as either an owner or a tenant is under a duty to take reasonable safety precautions to protect members of the public from the reasonably foreseeable criminal acts of third persons if the owner or possessor knows or has reason to know from past experience that there is a likelihood of criminal conduct by third parties on the premises (*see, Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519; *see also, Iannelli v Powers*, 114 AD2d 157, 161). In the present case, the plaintiffs did not present sufficient evidence that the defendants failed to take reasonable precautionary measures to raise a triable issue of fact as to a breach of the defendants' duties or that the alleged breaches were the proximate cause of the plaintiffs' injuries. Accordingly, summary judgment must be granted to the defendants and the complaint must be dismissed. Bracken, J. P., Sullivan, Santucci and Luciano, JJ., concur.

