■ JAMES COBB, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [673 NYS2d 744] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (G. Aronin, J.), dated May 27, 1997, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment is granted, and the complaint is dismissed.

The plaintiff was allegedly robbed and assaulted by three youths who followed him into the elevator of an apartment building owned by the defendant, New York City Housing Authority. The plaintiff was unable to identify his assailants, who were among a group of youths standing in the building lobby when he arrived. The plaintiff commenced this action, alleging that the defendant's negligent failure to keep the lobby secure was the cause of his injuries.

The Supreme Court erred in denying the defendant's motion for summary judgment. The plaintiff claimed that security was inadequate because the defendant failed to repair a broken lock on the outer door of the building. However, he failed to present evidence that the defendant knew or should have known that the door lock was broken for a period of time sufficient for the defendant to have repaired it (*see, Eleby v New York City Hous. Auth.*, 223 AD2d 665). The plaintiff's own deposition testimony was inconsistent as to whether this lock was in working order the day before the incident, and he further testified that the locks were repaired whenever they were vandalized or broken. Moreover, in the absence of proof that the assailants were intruders in the building, rather than tenants or their invitees, the plaintiff cannot establish that the defendant's alleged negligence was the proximate cause of his injuries (*see, e.g., Shinn v Lefrak Org.*, 239 AD2d 335; *Folks v New York City Hous. Auth.*, 227 AD2d 520; *Perry v New York City Hous. Auth.*, 222 AD2d 567). Miller, J. P., O'Brien, Pizzuto and Friedmann, JJ., concur.