■ DORCA D. RAMOS, Individually and as Administrator of the Estate of DAMARIS RAMOS, Deceased, Appellant, v 1199 HOUSING CORPORATION, Defendant and Third-Party Plaintiff-Respondent. WATCHDOG PATROLS, INC., Third-Party Defendant-Respondent. [678 NYS2d 110] —In an action to recover damages for wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Golden, J.) dated August 1, 1997, which granted the respective motions of the defendant third-party plaintiff and the third-party defendant for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs.

In 1991, Damaris Ramos was murdered in a building owned and maintained by the defendant 1199 Housing Corporation

(hereinafter 1199). There were no arrests made and there is no evidence indicating who the assailant was or how he or she gained access to the building.

Ms. Ramos's mother commenced this action in March 1992 against 1199 alleging that the murder was caused by, among other things, 1199's negligence in its maintenance of the premises. Three years later, 1199 impleaded Watchdog Patrols, Inc. (hereinafter Watchdog).

Watchdog and 1199 separately moved for summary judgment dismissing the complaint. The Supreme Court granted the motions. We affirm.

The plaintiffs have adduced no factual support for the contention that the assailant was an intruder who gained entry to the building by virtue of the alleged negligence of 1199. Under the circumstances, no material questions of fact exist with respect to the plaintiffs' allegation that the conduct of 1199 constituted a proximate cause of the occurrence (*see, Folks v New York City Hous. Auth.*, 227 AD2d 520; *Gleaton v New York City Hous. Auth.*, 221 AD2d 504).

We have considered the plaintiffs' remaining contention and find it to be without merit. Miller, J. P., Krausman, McGinity and Luciano, JJ., concur.