■ THEODORA SKOURAS, Individually and as Administrator of the Estate of GEORGE SKOURAS, Deceased, Respondent, v PHYLLIS REALTY Co. et al., Appellants, et al., Defendant. [689 NYS2d 235] —In an action to recover damages for personal injuries, etc., the defendants Phyllis Realty Co., Waldbaum, Inc., and Raindew Discount Stores and John A. Zojian separately appeal from so much of an order of the Supreme Court, Queens County (Posner, J.), dated April 1, 1998, as denied their respective cross motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, the appellants' respective cross motions are granted, and the complaint and all cross claims insofar as asserted against the appellants are dismissed, and the action against the remaining defendant is severed.

The plaintiff and the plaintiff's decedent were robbed after shopping at a mall. While they were loading packages into their car in the parking lot, a car pulled up next to them and the driver of the car leaned out and grabbed the plaintiff's purse, the strap of which was over her head and shoulder. The car began driving away, dragging the plaintiff, and the decedent fell to the ground trying to assist her. The plaintiff was then able to free herself. However, the robbers' vehicle, after making several unsuccessful efforts to leave the parking lot from other exits, returned to the scene of the crime and, in attempting to exit the parking lot, ran over the decedent, who later died of his injuries. The plaintiff, both individually and as administrator of the decedent's estate, thereafter commenced this action against the landlord of the mall, the appellant Phyllis Realty Co., and several tenants of the mall, including the

appellants Waldbaum, Inc., Raindew Discount Stores, and John A. Zojian. The plaintiff alleged negligence in the maintenance of security measures in the parking lot. In the order appealed from, the Supreme Court, *inter alia*, denied the appellants' respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. We now reverse.

In opposition to the prima facie case proffered by each appellant for judgment as a matter of law, the plaintiff failed to raise a triable issue of fact that a failure by any of the appellants to exercise reasonable care in maintaining the parking lot in a safe condition, or to take minimal security measures to protect visitors to the premises from reasonably foreseeable criminal acts, was a proximate cause of the injuries suffered by her and the decedent (*see, Jacqueline S. v City of New York,* 81 NY2d 288; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507; *Dillman v Bohemian Citizens Benevolent Socy.,* 227 AD2d 434; *Leyva v Riverbay Corp.,* 206 AD2d 150). Thus, the complaint and all cross claims should have been dismissed as against the appellants. Ritter, J. P., Friedmann, McGinity and Smith, JJ., concur.