■ GLORIA DALEY, Appellant, v DAVID FELDMAN ASSOCIATES, INC., et al., Respondents, et al., Defendants. [692 NYS2d 444] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Held, J.), dated April 2, 1998, which granted the motion of the defendants David Feldman Associates, Inc., David Feldman, Inc., and Samuel Popack for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, with costs, and the motion is denied.

It is well settled that "[l]andlords have a 'common law duty to take minimal precautions to protect tenants from foreseeable harm', including a third party's foreseeable criminal conduct" (*Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 548, quoting *Jacqueline S. v City of New York*, 81 NY2d 288, 293-294). The issue of whether a landlord has taken reasonable safety precautions is almost always for a jury to resolve (*see, Mizelle v New York City Hous. Auth.*, 236 AD2d 374; *Perry v New York City Hous. Auth.*, 222 AD2d 567). In this case, where the respondents allegedly knowingly permitted the door to the plaintiff's apartment to remain damaged and unlockable for five weeks after it was forced open by firefighters, allowing an intruder to walk into the apartment unimpeded and assault the plaintiff, there exist issues of fact precluding an award of summary judgment to the respondents (*see, Arroyo v Fourteen Estusia Corp.*, 186 AD2d 476). S. Miller, J. P., Santucci, Schmidt and Smith, JJ., concur.