■ PAUL A. LATINI, Respondent, v AUBURN LEASING CORP. et al., Appellants. [700 NYS2d 66] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (LaTorella, J.), dated November 16, 1998, as denied that branch of their motion which was for summary judgment dismissing the first cause of action asserted in the complaint and granted the plaintiff's cross motion to compel discovery.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendants' motion which was for summary judgment dismissing the first cause of action is granted, and the plaintiff's cross motion is denied.

The plaintiff sought to recover damages from the defendants, the owner and manager of an apartment building, based upon, *inter alia,* their alleged failure to repair the front door lock and intercom system in the main entrance of the building. The plaintiff was injured as the result of the criminal acts of third parties who entered the building, pushed their way into an apartment, and assaulted him.

The record is devoid of any evidence establishing which of the five entrances the intruders used to gain access to the building. Therefore, even assuming that the plaintiffs submitted evidence in admissible form that the defendants had breached a duty to take measures to protect the safety of the tenants because of known criminal activity in the area, the plaintiff has failed to establish that a functioning lock and intercom to the main entrance of the building would have prevented the assault. Consequently, the plaintiff failed to raise a triable issue as to whether any of the defendants' acts was a proximate

cause of the assault (*see, Davis v Jo-Ern Realty Corp.,* 239 AD2d 458; *Rozhik v 1600 Ocean Parkway Assocs.,* 208 AD2d 913).

In light of our determination and since the plaintiff's cross motion to compel discovery related only to the allegations contained in the first cause of action, the cross motion to compel discovery must be denied. S. Miller, J. P., Thompson, Krausman, Florio and Schmidt, JJ., concur.