■ RAMONA LESTER, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. (And a Third-Party Action.) [739 NYS2d 200] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Weiss, J.), dated December 20, 2000, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered April 20, 2001, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

At about 5:00 A.M. on January 12, 1996, the plaintiff allegedly was assaulted by Keith Edwards in the lobby of her apartment building, which was in a housing development owned by the defendant New York City Housing Authority (hereinafter the NYCHA). The plaintiff commenced this action against the NYCHA, alleging that Edwards, who was not a tenant of the building or the development, gained entry because of an inoperative front entrance door lock. The Supreme Court granted the NYCHA's motion for summary judgment dismissing the complaint. We affirm.

Landlords have a common-law duty to take minimal precautions to protect tenants from the reasonably foreseeable criminal conduct of third parties (*see, Burgos v Aqueduct Realty Corp.,* 92 NY2d 544, 548; *Jacqueline S. v City of New York,* 81 NY2d 288, 293-294). The NYCHA made a prima facie showing of entitlement to judgment as a matter of law by submitting evidence demonstrating that the front entrance door was self-locking, and that the lock was operative the day before the assault (*see, Tarter v Schildkraut,* 151 AD2d 414, 415; *Anzalone v Pan-Am Equities,* 271 AD2d 307, 308-309). In opposition, the plaintiff failed to demonstrate that the lock was inoperative at the time of the assault (*see, Pitchon v City of New York,* 243 AD2d 548; *Eleby v New York City Hous. Auth.,* 223 AD2d 665). Furthermore, the plaintiff failed to demonstrate how Edwards gained entry (*see, Gleaton v New York City Hous. Auth.,* 221 AD2d 504), or that he was not another tenant's invitee or otherwise permitted to be in the building (*see, Cobb v New York City Hous. Auth.,* 251 AD2d 362, 363; *Woodley v New York City Hous. Auth.,* 245 AD2d 502, 503). Therefore, the plaintiff has not raised a triable issue of fact as to whether the NYCHA failed to provide minimal security measures or whether any breach of its duty to do so was the proximate cause of her injuries (*see, Pitchon v City of New York, supra*). Krausman, J.P., McGinity, Adams and Crane, JJ., concur.