■ ADAM ALVAREZ, Respondent, v MASARYK TOWERS CORPORATION, Appellant, et al., Defendants. [789 NYS2d 727]—

In an action to recover damages for personal injuries, the defendant Masaryk Towers Corporation appeals from an order of the Supreme Court, Queens County (Golia, J.), dated December 2, 2003, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendant Masaryk Towers Corporation, and the action against the remaining defendants is severed.

The plaintiff was robbed at gunpoint while he was visiting his sister at an apartment complex owned by the defendant Masaryk Towers Corporation (hereinafter Masaryk). A struggle ensued and the plaintiff was shot in the abdomen. The defendants Shawn Reynolds and Jerry Figueroa were arrested and indicted in connection with this robbery. However, the indictment was subsequently dismissed.

The plaintiff commenced this action against, among others, Masaryk alleging that the building's security was inadequate. Masaryk moved for summary judgment dismissing the complaint insofar as asserted against it, and the Supreme Court denied the motion, finding that an issue of fact existed as to whether the assailants were intruders who entered the building through a negligently-maintained entrance. We reverse.

"Landlords have a 'common-law duty to take minimal precautions to protect tenants from foreseeable harm' including a third party's foreseeable . . . conduct" (*Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 548 [1998], quoting *Jacqueline S. v City of New York*, 81 NY2d 288, 293-294 [1993]). This duty extends to a guest of a tenant (*see Waters v New York City Hous. Auth.*, 69 NY2d 225, 230-231 [1987]). If a tenant or guest is assaulted by an intruder, recovery against the landlord requires a showing that the landlord's conduct was a proximate cause of

the injury (*see Burgos v Aqueduct Realty Corp., supra,* citing *Miller v State of New York,* 62 NY2d 506, 509 [1984]). This necessary causal link can be established only "if the evidence renders it more likely or more reasonable than not that the assailant was an intruder who gained access to the premises through a negligently maintained entrance" (*Burgos v Aqueduct Realty Corp., supra* at 551).

Masaryk satisfied its initial burden of establishing its entitlement to judgment as a matter of law by presenting evidence that the lock and the intercom system on the front door was operable, and with testimony from its security guard that the basement door was locked during the 90-minute period before the assault (*see Lester v New York City Hous. Auth.,* 292 AD2d 510 [2002]; *Novikova v Greenbriar Owners Corp.,* 258 AD2d 149 [1999]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the assailants were intruders who entered the building through a negligently-maintained entranceway (*see Cobb v New York City Hous. Auth.,* 251 AD2d 362 [1998]; *Woodley v New York City Hous. Auth.,* 245 AD2d 502 [1997]).

Thus, summary judgment should have been granted to Masaryk. Florio, J.P., Krausman, Goldstein and Mastro, JJ., concur.