■ MAJOR JACKSON et al., Appellants, v LEFFERTS HEIGHTS HOUSING DEVELOPMENT FUND COMPANY, INC., et al., Respondents. [831 NYS2d 528]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (F. Rivera, J.), dated September 23, 2005, which granted the motion of the defendants Lefferts Heights Housing Development Fund Company, Inc., and William R. Lucas Management Company, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

On the night of February 11, 2000 the plaintiff Major Jackson (hereinafter the plaintiff) visited a friend in a Brooklyn apartment building. On his way out, the plaintiff entered the lobby and encountered Jermaine Broswell, whom the plaintiff had known for several months. Broswell's mother lived in the building, and Broswell had been "buzzed in" by a tenant. After the two men spoke for a short time, Broswell produced a gun and fired a single shot at the plaintiff, thereby severing his spinal cord.

The plaintiff and his wife, suing derivatively, commenced this action, naming as defendants the landlord, Lefferts Heights Housing Development Fund Company, Inc. (hereinafter Lefferts), the management company, Lucas Management Company, Inc. (hereinafter Lucas), and the firm retained to provide security on the premises, Bait-Ul Nasr, Inc. Lefferts and Lucas moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion. We affirm.

Landlords have a common-law duty to take minimal precautions to protect tenants and their guests from foreseeable harm, including a third-party's foreseeable criminal conduct (*see Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 548 [1998]; *Waters v New York City Hous. Auth.*, 69 NY2d 225 [1987]; *Alvarez v Masaryk Towers Corp.*, 15 AD3d 428, 428 [2005]; *Novikova v Greenbriar Owners Corp.*, 258 AD2d 149, 151 [1999]). In this case, the movants established that the entrance to the building was equipped with an inner door lock, which was operable, and an intercom and buzzer system. Additionally, a security guard was assigned to the lobby on the first floor. These facts were sufficient to demonstrate, prima facie, that the movants satisfied their duty to take minimal precautions against the foreseeable criminal acts of third parties and to warrant

judgment in their favor as a matter of law (*see Novikova v Greenbriar Owners, supra* at 151-152). In opposition to the motion, the plaintiffs failed to raise a triable issue of fact (*see* CPLR 3212 [b]). None of the alleged security deficiencies the plaintiffs cited in opposition to the motion was sufficient to raise a triable issue of fact as to whether the defendants fulfilled their duty or whether their alleged negligence was a proximate cause of the plaintiff's injury.

Accordingly, the motion was properly granted. Crane, J.P., Florio, Fisher and Dickerson, JJ., concur.