■ Po W. Yuen et al., Appellants, v 267 Canal Street Corp., Defendant and Third-Party Plaintiff-Respondent. GBT Fashion, Inc., Third-Party Defendant-Appellant, and Eric McClendon et al., Third-Party Defendants-Respondents. [839 NYS2d 518]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated July 13, 2005, as granted the motion of the defendant third-party plaintiff for summary judgment dismissing the complaint, and the third-party defendant second third-party plaintiff separately appeals from so much of the same order as denied its cross motion for summary judgment dismissing the third-party complaint and granted the cross motion of the second third-party defendant J & J Super, Inc., for summary judgment dismissing the second third-party complaint insofar as asserted against it.

Ordered that the order is modified by deleting the provision thereof granting the motion of the defendant third-party plaintiff for summary judgment dismissing the complaint, and substituting therefor a provision denying that motion, and deleting the provision thereof denying the cross motion of the third-party defendant second third-party plaintiff for summary judgment dismissing the third-party complaint, and substituting therefor a provision granting that cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiffs and the third-party defendant second third-party plaintiff by the defendant third-party plaintiff.

In December 2001 the plaintiff Wing Cheong Woo (hereinafter the injured plaintiff) was violently assaulted and injured by the second third-party defendant Eric McClendon. The attack took place on the sixth floor of an industrial loft building located at 265 Canal Street in Manhattan. The building was owned by the defendant third-party plaintiff, 267 Canal Street Corp. (hereinafter 267 Canal), which leased a portion of the sixth floor of the subject building to the third-party defendant second third-party plaintiff, GBT Fashion, Inc. (hereinafter GBT), a corporation that was solely owned by the injured plaintiff.

By showing that it provided the minimal security precautions against crime required in its industrial loft building, 267 Canal made out a prima facie case of its entitlement to summary judgment dismissing the complaint. In response to that showing, the

plaintiffs demonstrated the existence of factual questions as to whether or not 267 Canal was negligent in the maintenance of the security devices installed in its building (*see Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 550 [1998]; *Venetal v City of New York*, 21 AD3d 1087, 1088-1090 [2005]; *Latini v Auburn Leasing Corp.*, 267 AD2d 358 [1999]; *cf. Alvarez v Masaryk Towers Corp.*, 15 AD3d 428 [2005]; *Novikova v Greenbriar Owners Corp.*, 258 AD2d 149, 153-154 [1999]). Accordingly, the motion of 267 Canal for summary judgment dismissing the complaint should have been denied (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The broad indemnity provision in the lease between 267 Canal and GBT is unenforceable under General Obligations Law § 5-321 because it was not limited to GBT's acts or omissions, it failed to make an exception for 267 Canal's own negligence, and it did not limit the recovery of 267 Canal to insurance proceeds (*see Colosi v RATL, LLC*, 7 AD3d 558, 559 [2004]; *Gibson v Bally Total Fitness Corp.*, 1 AD3d 477 [2003]; *cf. Great N. Ins. Co. v Interior Constr. Corp.*, 7 NY3d 412, 416-419 [2006]). Consequently, the Supreme Court should have granted GBT's motion for summary judgment dismissing the third-party complaint. In light of this determination, GBT's remaining contention need not be addressed.

In light of our determination, the contentions regarding the second third-party action are academic. Mastro, J.P., Spolzino, Florio and Skelos, JJ., concur. [*See* 9 Misc 3d 494 (2005).]