■ DARIAN E. LOGAN, Appellant, v 530 W. 28TH STREET, L.P., Doing Business as CROBAR, Respondent, et al., Defendants. [849 NYS2d 803]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruditzky, J.), dated February 27, 2007, which, in effect, granted the motion of the defendant 530 W. 28th Street, L.P., doing business as Crobar, inter alia, to compel the plaintiff to appear for an independent medical examination by an ophthalmologist.

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ambrosio, J.), dated May 7, 2007, which granted the motion of the defendant 530 W. 28th Street, L.P., doing business as Crobar, for summary judgment dismissing the complaint insofar as asserted against it and denied his cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

A possessor of real property is under a duty to maintain reasonable security measures to protect those lawfully on the premises from reasonably foreseeable criminal acts of third parties (*see Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 518-519 [1980]; *Dillman v Bohemian Citizens Benevolent Socy. of Astoria,* 227 AD2d 434, 435 [1996]). Here, the defendant 530 W. 28th Street, L.P., doing business as Crobar (hereinafter Crobar), established its prima facie entitlement to judgment as a matter

of law by demonstrating that it satisfied its duty to take minimal security precautions against foreseeable criminal acts of third parties (*see Maheshwari v City of New York,* 2 NY3d 288, 295 [2004]; *Florman v City of New York,* 293 AD2d 120, 127 [2002]; *Pagan v 148 Jamaica Ave. Co.,* 248 AD2d 602, 603 [1998]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly awarded summary judgment in favor of Crobar, and properly denied the plaintiff's cross motion for summary judgment on the issue of liability. Ritter, J.P., Miller, Dillon and Angiolillo, JJ., concur.