■ SAU FONG LI WOO, as Administrator of the Estate of WING CHEONG WOO, et al., Appellants, v 267 CANAL STREET CORP., Defendant and Third-Party Plaintiff-Respondent. GBT FASHION, INC., Third-Party Defendant and Second Third-Party Plaintiff-Appellant; ERIC MCCLENDON et al., Second Third-Party Defendants-Respondents. [874 NYS2d 181]—

Motion by the defendant and third-party plaintiff-respondent, 267 Canal Street Corp., for leave to reargue an appeal from an order of the Supreme Court, Kings County (Harkavy, J.), dated July 13, 2005, which was determined by decision and order of this Court dated June 26, 2007, under the former caption *Po W.*

*Yuen v 267 Canal Street Corp.* (41 AD3d 812 [2007]) or, alternatively, for leave to appeal to the Court of Appeals.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the branch of the motion which is for leave to appeal to the Court of Appeals is denied; and it is further,

Ordered that the branch of the motion which is for leave to reargue is granted; upon reargument, the decision and order of this Court dated June 26, 2007, is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated July 13, 2005, as granted the motion of the defendant and third-party plaintiff for summary judgment dismissing the complaint, and the third-party defendant and second third-party plaintiff separately appeals, as limited by its notice of appeal and brief, from so much of the same order as denied that branch of its cross motion which was for summary judgment dismissing the claim of the defendant and third-party plaintiff for contractual indemnification, and granted the cross motion of the second third-party defendant J & J Super, Inc., for summary judgment dismissing the second third-party complaint insofar as asserted against it.

Ordered that the order is modified by deleting the provision thereof granting the defendant and third-party plaintiff's motion for summary judgment dismissing the complaint, and substituting therefor a provision denying that motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiffs by the defendant and third-party plaintiff.

In December 2001 the plaintiffs' decedent was violently assaulted and injured by the second third-party defendant Eric McClendon. The attack took place on the sixth floor of an industrial loft building located at 265 Canal Street in Manhattan. The building was owned by the defendant and third-party plaintiff, 267 Canal Street Corp. (hereinafter 267 Canal), which leased a portion of the sixth floor of the subject building to the third-party defendant second third-party plaintiff, GBT Fashion, Inc. (hereinafter GBT), a corporation that was solely owned by the decedent.

By showing that it provided the minimal security precautions against crime required in its industrial loft building, 267 Canal made out a prima facie case of its entitlement to summary judg-

ment dismissing the complaint. In response to that showing, the plaintiffs demonstrated the existence of factual questions as to whether or not 267 Canal was negligent in the maintenance of the security devices installed in its building (*see Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 550 [1998]; *Venetal v City of New York*, 21 AD3d 1087, 1088-1090 [2005]; *Latini v Auburn Leasing Corp.*, 267 AD2d 358 [1999]; *cf. Alvarez v Masaryk Towers Corp.*, 15 AD3d 428 [2005]; *Novikova v Greenbriar Owners Corp.*, 258 AD2d 149, 153-154 [1999]). Accordingly, the motion of 267 Canal for summary judgment dismissing the complaint should have been denied (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Contrary to the contention of GBT, the Supreme Court did not err in denying that branch of its cross motion which was to dismiss the claim of 267 Canal for contractual indemnification (*see Great N. Ins. Co. v Interior Constr. Corp.*, 7 NY3d 412, 416-419 [2006]; *Castano v Zee-Jay Realty Co.*, 55 AD3d 770 [2008]).

The remaining contention of GBT is without merit. Mastro, J.P., Spolzino, Skelos and Florio, JJ., concur.