■ DESHON DAVIS, Appellant, v ROCHDALE VILLAGE, INC., Respondent. [922 NYS2d 473]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (James J. Golia, J.), dated December 10, 2009, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against the owner of Rochdale Village, an apartment complex in Queens, inter alia, to recover damages for personal injuries which he allegedly sustained on the night of April 11, 2007, when two men wearing ski masks emerged from the staircase outside his mother's apartment in Rochdale Village and shot him. The plaintiff alleged that the defendant's negligence in failing to maintain adequate security in the buildings and common areas of Rochdale Village was the proximate cause of his injuries, and that the defendant had actual and constructive notice of the lack of security, based on an alleged history of violent incidents which occurred on the premises. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. We affirm.

"Landlords have a 'common-law duty to take minimal precautions to protect tenants from foreseeable harm,' including a third party's foreseeable criminal conduct" (*Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 548 [1998], quoting *Jacqueline S. v City of New York*, 81 NY2d 288, 293-294 [1993]; *see Muong v 550 Ocean Ave., LLC*, 78 AD3d 797, 798 [2010]; *Ishmail v ATM Three, LLC*, 77 AD3d 790, 791 [2010]). Here, the defendant satisfied its burden of establishing its prima facie entitlement to judgment as a matter of law through evidence that, inter alia,

the three entrances to the plaintiff's building required entry through a key card system in which only tenants received cards, security cameras recorded movement at each of the three entrances, and the main entrance was equipped with an intercom buzzer system in which residents controlled access to the building. The defendant also established that it employed over 90 security guards who patrolled the apartment complex, and the intercom and key card system at the plaintiff's building were working on the night that the plaintiff allegedly was attacked (*see Jackson v Lefferts Hgts. Hous. Dev., Fund Co., Inc.*, 38 AD3d 610, 610-611 [2007]; *Alvarez v Masaryk Towers Corp.*, 15 AD3d 428, 429 [2005]; *Lester v New York City Hous. Auth.*, 292 AD2d 510, 511 [2002]).

In opposition, the plaintiff failed to raise a triable issue of fact as to whether his assailants were intruders who gained access to the building through an entrance which the defendant failed to adequately secure (*see Jackson v Lefferts Hgts. Hous. Dev., Fund Co., Inc.*, 38 AD3d at 611; *Alvarez v Masaryk Towers Corp.*, 15 AD3d at 429; *Lester v New York City Hous. Auth.*, 292 AD2d at 511). The plaintiff also failed to raise a triable issue of fact as to whether his attack was foreseeable, as he relied on one alleged incident which occurred in his building approximately two years before he was attacked and was not reported to the defendant, another incident in which a Rochdale Village resident deliberately lured a victim into his building, and a third incident which occurred in the Bronx (*see Ishmail v ATM Three, LLC*, 77 AD3d at 792; *see also Beato v Cosmopolitan Assoc., LLC*, 69 AD3d 774 [2010]).

The plaintiff also failed to establish that the defendant's motion for summary judgment was premature, because he did not demonstrate that additional discovery might lead to relevant evidence, or that facts essential to justify opposition to the motion were exclusively within the knowledge and control of the defendant (*see* CPLR 3212 [f]; *Nash v Baumblit Constr. Corp.*, 72 AD3d 1037, 1040 [2010]; *Chin Sue v City of New York*, 83 AD3d 643 [2011]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Covello, J.P., Angiolillo, Dickerson and Roman, JJ., concur.