In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Vaughn, J.), dated February 23, 2011, which granted the motion of the defendant Sea Gate Association, Inc., for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is affirmed, with costs.
The plaintiffs alleged that, on February 26, 2006, they were injured as a result of an attack by the defendant Gabino Genao. The plaintiffs further alleged that the attack occurred at the home of the plaintiff Kristy Diaz, which is located within a private, gated community that is managed, maintained, and controlled by the defendant homeowner’s association, Sea Gate Association, Inc. (hereinafter Sea Gate). The plaintiffs commenced this action against Sea Gate and Genao, inter alia, to recover damages for personal injuries. The plaintiffs alleged, among other things, that Sea Gate’s negligence in failing to maintain adequate security at the two entrance gates of the community was the proximate cause of their injuries. In the order appealed from, the Supreme Court granted Sea Gate’s motion for summary judgment dismissing the complaint insofar as asserted against it. The plaintiffs appeal and we affirm.
Owners of residential developments “have a ‘common-law duty to take minimal precautions to protect tenants from foreseeable harm,’ including a third party’s foreseeable criminal *1076 conduct” (Burgos v Aqueduct Realty Corp., 92 NY2d 544, 548 [1998], quoting Jacqueline S. v City of New York, 81 NY2d 288, 293-294 [1993]; see Mason v U.E.S.S. Leasing Corp., 96 NY2d 875 [2001]; Davis v Rochdale Vil., Inc., 83 AD3d 991, 991 [2011]; Ishmail v ATM Three, LLC, 77 AD3d 790, 791 [2010]). “A landlord has a duty to minimize the foreseeable danger from criminal acts when past experience alerts it to the likelihood of criminal conduct on the part of third persons” (Mason v U.E.S.S. Leasing Corp., 96 NY2d at 878).
Here, Sea Gate established its prima facie entitlement to judgment as a matter of law through evidence that, inter alia, entry into the community through either of its two entrances required use of a magnetic key card system for which only tenants received cards, tenants were issued distinct community identification cards, security cameras recorded the entrances of nontenants, the community was patrolled by Sea Gate Police Department officers, and the entry of nontenants was controlled by Sea Gate Police Department officers who demanded identification from visitors and only permitted them entry if the officers had previously received authorization from a tenant of the community. Moreover, memos directing Sea Gate Police Department officers to bar entry to Genao, as well as a photograph of Genao, were posted in the Sea Gate Police Department precinct office and the security booths located at both gated entrances to the community. Significantly Genao’s name did not appear on the call-in log sheet for February 26, 2006, and no officer manning a patrol booth that day had seen Genao enter the community (see Davis v Rochdale Vil., Inc., 83 AD3d at 991-992; Jackson v Lefferts Hgts. Hous. Dev. Fund Co., Inc., 38 AD3d 610, 610-611 [2007]).
In opposition, the plaintiffs failed to raise a triable issue of fact.
The plaintiffs’ remaining contention is without merit.
Accordingly, the Supreme Court properly granted Sea Gate’s motion for summary judgment dismissing the complaint insofar as asserted against it. Skelos, J.E, Dillon, Leventhal and Sgroi, JJ., concur.