ERICA PEREZ, Appellant, v HUNTS POINT I ASSOCIATES, INC., et al., Respondents, et al., Defendant. [11 NYS3d 580]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered January 8, 2014, which granted the motion of defendant Sentry Security Company, Inc. (Sentry) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs. Order, same court and Justice, entered January 10, 2014, which granted the motion of defendants Hunts Point I Associates, Inc., Building Management Associates, Inc., and Sebco Development, Inc. (collectively, Hunts Point) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Summary judgment was properly granted in this action for personal injuries sustained by plaintiff tenant when she was the victim of a crime in a building owned and managed by Hunts Point; Sentry provided security for the building pursuant to a contract with Hunts Point. The record demonstrates that plaintiff failed to rebut Hunts Point's prima facie showing that minimal security was provided at the building (*see Alvarez v Masaryk Towers Corp.*, 15 AD3d 428, 429 [2d Dept 2005]). Plaintiff offered tenants' affidavits stating that the building's interior door lock could be disengaged by pressing one of the unit's buttons. However, there was no evidence that Hunts Point was on notice of this latent defect prior to the incident (*see Ramirez v BB & BB Mgt. Corp.*, 115 AD3d 555 [1st Dept 2014]). While there was a problem with drug dealers at the project, the record indicates that Hunts Point instituted roving patrols, met with the police regularly, and evicted those tenants found to be connected with the drug trade. Furthermore, there is no evidence connecting the attack upon plaintiff to the drug dealing at the project, and plaintiff failed to show how that activity rendered her assault reasonably predictable (*see Kumar v Farber*, 115 AD3d 567 [1st Dept 2014], *lv denied* 24 NY3d 908 [2014]).

Summary judgment was also properly granted to Sentry on the ground that plaintiff was not a third-party beneficiary of the contract between Sentry and Hunts Point (*see Aiello v Burns Intl. Sec. Servs. Corp.*, 110 AD3d 234 [1st Dept 2013]). Although the contract did not contain an explicit provision on the issue, the contract terms taken as a whole lead to the conclusion, as a matter of law, that plaintiff was not an intended third-party beneficiary of the contract (*see Anchumdia v Tahl Propp Equities, LLC*, 123 AD3d 505 [1st Dept 2014]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Renwick, Andrias, Manzanet-Daniels and Kapnick, JJ.