■ MARIO STAVERIS, Respondent, v 125 HOLDING COMPANY et al., Appellants. (Action No. 1.) MARIO STAVERIS, Respondent, v RALPH LANGSAM ASSOCIATES, INC., Appellant. (Action No. 2.) [709 NYS2d 507] —Order, Supreme Court, Bronx County (Janice Bowman, J.), entered December 10, 1998, which, in an action by a building resident against the building's owner and managing agent for personal injuries sustained allegedly as a result of inadequate security in a parking lot that is part of the building's premises, denied defendants' motion for summary judgment, unanimously affirmed, without costs.

Defendants' argument that they had no duty to secure a parking lot or other open areas against criminal intrusion is premised on the mistaken characterization of the parking lot as an "outdoor area." As described in the deposition testimony and depicted in photographs, the parking lot was cordoned off

by a five-foot high chain-linked fence, with the exception of two eight-foot wide openings for cars to enter and exit, indicative of a private area apart from the street (compare, Leyva v River-bay Corp., 206 AD2d 150, 155). Furthermore, plaintiff's evidentiary showing, which included the affidavit of a security expert, was sufficient to raise issues of fact as to whether the alleged lack of lighting in the parking lot, combined with its unsecured openings were substantial causative factors in the sequence of events that led to the assault (see, Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 520; compare, Loeser v Nathan Hale Gardens, 73 AD2d 187, 191, with Rodriguez v New York City Hous. Auth., 87 NY2d 887) and, if so, whether defendants were negligent in not providing minimal security (Jacqueline S. v City of New York, 81 NY2d 288; see also, Nallan v Helmsley-Spear, Inc., supra, at 520, n 8). Defendants' contention that the history of dissimilar crimes remote in time from the assault on plaintiff is insufficient to raise an issue of fact as to foreseeability is improperly raised for the first time on appeal. In any event, we would reject the contention upon consideration of the time, location, nature and extent of the prior crimes, as to which plaintiff provides ample detail (cf., Maria S. v Willow Enters., 234 AD2d 177, 179, citing Jacqueline S. v City of New York, supra, at 295). Concur—Williams, J. P., Lerner, Rubin, Saxe and Buckley, JJ.