■ KENYATTA WARD, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant, et al., Defendant. [795 NYS2d 568]—

Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered January 6, 2003, denying defendant New York City Housing Authority's motion for summary judgment, unanimously reversed, on the law, without costs or disbursements, and the motion granted. The Clerk is directed to enter judgment in favor of defendant Housing Authority dismissing the complaint as against it.

On April 23, 2000 at approximately 3:00 A.M., plaintiff was shot outside his apartment building at 1368 Webster Avenue in the Bronx, which is part of a housing development owned by the Housing Authority, as he conversed with a friend after returning home from a party. Plaintiff's assailant, one of the three men approaching him, walked up to plaintiff and asked, "What are you looking at?" Before he could respond, plaintiff was shot in the right forearm. The three men, strangers to him, fled immediately and have never been identified or apprehended. Nothing was taken from either plaintiff or his friend. Some 16 months after joinder of issue, the Housing Authority moved for summary judgment dismissing the complaint, arguing that it could not be held liable for the criminal act of a third party occurring in an open and public area outside its building. Plaintiff cross-moved to compel the Housing Authority to furnish "full and complete discovery responses." Supreme Court denied the motion as premature, holding that "there remains outstanding discovery." The court did not address the cross motion other than to direct a preliminary conference to schedule all discovery. We reverse and dismiss the complaint.

As we have consistently held, there is no common-law duty on the part of a landlord to protect tenants or other members of the public from criminal activity on public walkways outside its premises (*Leyva v Riverbay Corp.*, 206 AD2d 150 [1994]; *see Evans v 141 Condominium Corp.*, 258 AD2d 293, 295 [1999]). Thus, the motion court erred when it concluded that "the liability of the parties herein cannot be legally determined at this time." Controlling precedent mandates dismissal of the complaint at this juncture without the unnecessary expenditure of additional funds to defend a meritless claim (*see Jackson v United States Tennis Assn.*, 294 AD2d 470 [2002]). Moreover, lack of discovery is due to plaintiff's own inexcusable delay. He failed to take any timely steps to obtain the evidence now claimed to be necessary to oppose summary judgment. He waited 15 months to serve discovery demands and took no steps to schedule depositions. Nor, in the 19 months since joinder of issue, did plaintiff seek to arrange a preliminary conference or take any other action to secure the "necessary" discovery. "Summary judgment may not be defeated on the ground that more discovery is needed, where, as here, the side advancing such an argument has failed to ascertain the facts due to its own inaction" (*Meath v Mishrick*, 68 NY2d 992, 994 [1986]). Concur—Andrias, J.P., Marlow, Sullivan, Gonzalez and Sweeny, JJ.