■ CHARLES WONG et al., Respondents, v RIVERBAY CORPORA-TION, Appellant. [32 NYS3d 69]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about August 7, 2015, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Defendant established entitlement to judgment as a matter of law by showing that it owed no duty to protect plaintiff Charles Wong's decedent, Malachi Wong, and his brother, plaintiff Timothy Wong, from the shootings that occurred in the public vestibule of their building. A landowner's duty to take minimal security precautions does not extend to exterior public areas, including walkways and vestibules (*see Novikova v Greenbriar Owners Corp.*, 258 AD2d 149, 155 [2d Dept 1999]; *see also Williams v New York City Hous. Auth.*, 56 AD3d 361 [1st Dept 2008]; *Ward v New York City Hous. Auth.*, 18 AD3d 391, 392 [1st Dept 2005]). Contrary to the motion court's finding, plaintiffs' evidence failed to raise a triable issue of fact as to whether the shootings were foreseeable. The article in the Co-op City Times, expressing the need for a greater police presence in Co-op City, and defendant's public safety records, indicating 24 reports of gunshots fired on the premises, were insufficient, since they did not indicate that any of the reported shootings occurred in the vicinity of plaintiffs' building (*see Novikova*, 258 AD2d at 152-153). The location of where the shots were fired is relevant, in light of the fact that Co-op City spans two-square miles and is comprised of approximately 200 residential buildings (*see Florman v City of New York*, 293 AD2d 120, 127 [1st Dept 2002]; *Leyva v Riverbay Corp.*, 206 AD2d 150, 152-153 [1st Dept 1994]).

The affidavit of plaintiffs' security expert in which he states that defendant's reduction of its security officers at midnight proximately caused decedent's and Timothy Wong's injuries is insufficient to raise a triable issue of fact as to whether defendant breached its duty to provide minimal precautions against the foreseeable criminal acts of third parties (*see Villa v Paradise Theater Prods., Inc.*, 85 AD3d 402 [1st Dept 2011]).

Furthermore, defendant did not proximately cause the injuries, since the record shows that the assailant specifically targeted Malachi and Timothy (*see Flores v Dearborne Mgt., Inc.*, 24 AD3d 101 [1st Dept 2005]). Concur—Sweeny, J.P., Acosta, Manzanet-Daniels, Gische and Gesmer, JJ.