Sanchez v Morris Ave. Equities Corp. (2018 NY Slip Op 07071)





Sanchez v Morris Ave. Equities Corp.


2018 NY Slip Op 07071


Decided on October 23, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2018

Sweeny, J.P., Gische, Tom, Mazzarelli, Kern, JJ.


7445 350487/09

[*1]Michelle Sanchez, etc., Plaintiff-Respondent, Glennis Sanchez, etc., Plaintiff,
v
Morris Ave. Equities Corp., Defendant-Appellant, Raphael Davalos, Defendant.


Collins, FitzPatrick & Schoene, LLP, New York (Carol R. Finocchio of counsel), for appellant.
Conde & Glaser LLP, New York (Ezra B. Glaser of counsel), for respondent.



Order, Supreme Court, Bronx County (Doris Gonzalez, J.), entered on or about January 11, 2018, which, to the extent appealed from, denied defendant Morris Ave. Equities Corp.'s motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
The infant plaintiff was assaulted in the gated alleyway leading to the boiler room and the superintendent's apartment in defendant Morris Ave. Equities Corp.'s building, where she resided. Contrary to defendant's contention, the alleyway, in which tenants of the building deposited their trash, was not a public area where defendant had no duty to maintain minimal security precautions (see Wong v Riverbay Corp., 139 AD3d 440 [1st Dept 2016]). Issues of fact as to the foreseeability of the assault are presented by the record evidence of previous criminal activity in or at the building, including drug dealing, multiple burglaries, including one at gunpoint, and gunshots and the discovery of empty shell casings outside the building (see Anokye v 240 E. 175th St. Hous. Dev. Fund Corp., 16 AD3d 287, 288 [1st Dept 2005]; see generally Jacqueline S. v City of New York, 81 NY2d 288 [1993]). Issues of fact exist as to whether the gate to the alleyway was maintained in a closed and locked condition and whether there was sufficient lighting in the alleyway. Issues of fact also exist as to whether the open gate or any insufficiency in the lighting was a proximate cause of the assault (see Staveris v 125 Holding Co., 272 AD2d 185, 186 [1st Dept 2000]). Accordingly, considering the neighborhood's susceptibility to incidents of violent crime, we are unable to hold as a matter of law that defendant upheld its common law duty to maintain the premises in a safe and secure manner.
However, we reject plaintiff's alternative theory that defendant is liable to the extent that it voluntarily provided a locked gate, lighting, or video monitoring for the alleyway, and then negligently maintained those items. Even were we to conclude that defendant created a duty by introducing such security measures, plaintiff failed to demonstrate that she was lulled into a false sense of security such that she neglected to take precautions that she would have otherwise taken in the absence of those measures (see Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 522 [1980]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 23, 2018
CLERK