Palaj v Marion Scott Real Estate, Inc. (2019 NY Slip Op 00958)





Palaj v Marion Scott Real Estate, Inc.


2019 NY Slip Op 00958


Decided on February 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2019

Acosta, P.J., Gische, Kapnick, Gesmer, Singh, JJ.


8331 307855/09

[*1]Sander Palaj, et al., Plaintiffs-Respondents,
v
Marion Scott Real Estate, Inc., Defendant-Appellant, Paulino Valenzuela, Defendant.


Armienti, DeBellis, Guglielmo & Rhoden, LLP, New York (Vanessa M. Corchia of counsel), for appellant.
Jasne & Florio, L.L.P., White Plains (Hugh G. Jasne of counsel), for respondents.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered on or about March 8, 2017, which denied defendant Marion Scott Real Estate, Inc.'s motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff Sander Palaj, and his wife suing derivatively, commenced this action to recover for personal injuries he allegedly sustained when he was shot outdoors in the co-operative complex known as Co-op City, which was managed by defendant Marion Scott Real Estate, Inc. at the time. However, a landowner's duty to take minimal security precautions does not extend to exterior public areas, such as walkways and vestibules (see e.g. Wong v Riverbay Corp., 139 AD3d 440 [1st Dept 2016]; Ward v New York City Hous. Auth., 18 AD3d 391, 392 [1st Dept 2005]; Leyva v Riverbay Corp., 206 AD2d 150 [1st Dept 1994]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 7, 2019
CLERK