Abdulfattaah v Riverbay Corp. (2024 NY Slip Op 00258)

Abdulfattaah v Riverbay Corp.

2024 NY Slip Op 00258

Decided on January 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2024

Before: Oing, J.P., Gesmer, Singh, Rodriguez, Michael, JJ. 

Index No. 300164/14 Appeal No. 1496 Case No. 2023-00343 

[*1]Alhassan Abdulfattaah, Plaintiff-Appellant,
v
Riverbay Corporation et al., Defendants-Respondents, Hameed Abdul Jabbar, Defendant.

The Fitzgerald Law Firm, P.C., Yonkers (John M. Daly of counsel), for appellant.
Smith Mazure, P.C., New York (Louise M. Cherkis of counsel), for respondents.

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered December 28, 2022, which granted defendants Riverbay Corporation, Marion Scott Real Estate, Inc., and the Co-0p City Department of Public Safety's (property defendants) motion for summary judgment dismissing the complaint and all cross-claims against them, unanimously affirmed, without costs.
The property defendants established prima facie entitlement to summary judgment. The evidence showed that a masked gunman targeted plaintiff and shot him without any warning as he entered the public vestibule of his friend's residential apartment building, at approximately 9:30 p.m. This sequence of events was inconsistent with a finding that property defendants alleged inadequate security measures in and about the premises were a substantial cause of the assault on plaintiff, thus precluding a finding that plaintiff's injuries were proximately caused by property defendants' conduct (see Maheshwari v City of New York, 2 NY3d 288, 295 [2004]; Wong v Riverbay Corp., 139 AD3d 440, 441 [1st Dept 2016]). The shooter's intent to kill plaintiff was demonstrated by the six shots he fired at him, at point blank range, which struck plaintiff in the back, torso, and other areas of his body, resulting in his paralysis from the waist down. The shooter did not harm another individual who was in the vestibule with plaintiff. The shooter's actions were an intervening act, not foreseeable in the normal course of events, and were independent of defendants' conduct in providing minimal security measures in the immediate vicinity of the property in question (see Maheshwari, 2 NY3d at 295). There was no evidence of past similar criminal violence in the vicinity of the shooting to raise a triable issue that the targeted shooting was foreseeable and warranted additional security precautions (see generally Maheshwari, 2 NY3d at 294; Wong, 139 AD3d 440).
Moreover, this Court has held that "[a] landowner's duty to take minimal security precautions does not extend to exterior public areas, including walkways and vestibules" (Wong, 139 AD3d at 440; see also Palaj v Marion Scott Real Estate, Inc., 169 AD3d 420 [1st Dept 2019]; Novikova v Greenbriar Owners Corp., 258 AD2d 149, 155 [2d Dept 1999]). Nonetheless, the record reflects that defendants did provide minimal security measures in the form of a locked, manned lobby area, a well-lit vestibule, a working buzzer-entry panel, and multiple surveillance cameras in the immediate area.
Plaintiff's opposition, founded upon expert opinions claiming, among other things, inadequate staffing of the private law enforcement entity hired by defendant owner Riverbay, as well as local news articles addressing Co-op City crime and overtime payment issues that affected law enforcement coverage in the residential complex, failed to raise a triable issue (Leyva v Riverbay Corp., 206 AD2d 150, 153-154 [1st Dept 1994]). Plaintiff's argument that, if all the designated law enforcement [*2]posts had been properly manned, the shooter likely would have been deterred from carrying out his attempted killing of plaintiff is speculative given the facts here and fails to raise a triable issue (see e.g. Villa v Paradise Theater Prods., Inc., 85 AD3d 402, 403 [1st Dept 2011]).
We have considered plaintiff's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2024